MICHAEL R. PERLE, P.C
1265 Paterson Plank Road
Secaucus, New Jersey 07094
(201) 864-0200
Attorney for Creditor The Lions Group, Ltd.

By: Michael R. Perle (Atty#MP4310)

| | |
|---|---|
| **In Re:** | United States Bankruptcy Court |
| | District of New Jersey |
| **EDWARD D FAGAN** | Hon. Novalyn L. Winfield |
| | Chapter 7 Case. No.06-0014863 NLW |
| **Debtor.** | |

## AFFIDAVIT

State of New Jersey     :
                        :Ss.
County of Essex         :

HARVEY S. GROSSMAN, of full age, being duly sworn according to law, upon his oath deposes and says the following:

1.      I am the President of The Lions Group, Ltd., a New Jersey Corporation, (hereinafter "LGL") and also a principal of same.

2.      On Tuesday, February 20, 2007, I received correspondence addressed to Harvey Grossman, from the United States Bankruptcy Court, Middle District of Florida, Case No. 8:07-bk-01109-PMG, containing a Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines dated February 15, 2007, filed by Edward D. Fagan, hereinafter "Debtor". That Notice indicated that a meeting of creditors was scheduled for March 14, 2007 at 501 East Polk Street, (Timberlake Annex), Room 100-B, Tampa, Fl. 33602.   (Exhibit 1).

3.      The Voluntary Petition indicates that "Harvey Grossman" is an unsecured

creditor and has a disputed claim in the amount of $750,000.00 and that a meeting of creditors is scheduled for March 14, 2007 at 501 East Polk Street, (Timberlake Annex), Room 100-B,Tampa, FL, 33602. (Exhibit 2).

4.      In actuality, the Debtor does not owe any sums to Harvey Grossman, individually, and, therefore, Harvey Grossman, individually, has no claim.

5.      On the other hand, <u>LGL is a secured creditor of Debtor</u> and a liquidated secured claim in the amount of $1,265,109.57 through February 23, 2007, and in addition has an unliquidated secured claim upon to certain referral fees Debtor shall be entitled to receive out of the fees payable to counsel from a recovery in the <u>Kaprun Litigation</u> further identified below, all as memorialized in a certain "Security Agreement and Assignment of Anticipated Attorney's Fees, Reaffirmation of Purchases, Assignments and Related Security Interests and Consolidation of Existing Obligations", (hereinafter referred to as the "Master Contract" dated April 26, 2002). (Exhibit 3).

6.      LGL's secured claim was perfected by UCC Financing Statements identifying the collateral, filed in states of New York on July 18, 2002, New Jersey on July 19, 2002 and Pennsylvania on June 5, 2003, and further is the subject of Notices of Assignment (Exhibit 4) served upon other counsel in the <u>Kaprun Litigation</u>, as more fully described below.

7.      Under the terms of the Master Contract, Debtor has sold and/or assigned to LGL, in whole or in part, unpaid legal fees and rights to reimbursement of expenses and a portion of certain referral fees which may be due to him at the conclusion of the following cases in which Debtor was and is an attorney of record:

-4-

a.  <u>Meili v. Union Bank of Switerland</u> and/or <u>Meili v. Robert Studar</u>, Master Docket No. CV-96-4849 (E.D.N.Y.), Index No. 98-100630;

b.  <u>In Re: Holocaust Victims Assets</u>, Master Docket No. CV-96-4849 (E.D.N.Y.);

c.  <u>In Re: Austrian and German Bank Holocaust Litigation, Watman, et al. v. Deutsche Bank, et al. (Austrian & German Bank Cases)</u>, Docket No. CV-98-3938, (S.D.N.Y.);

d.  <u>In Re: Ski Train Fire in Kaprun, Austria on November 11, 2000</u>, MDL Dkt. No. 1428 (S.D.N.Y.); <u>Habblett, et al. v. Leitner Lifts USA, Inc., et al.</u>, CIV-0266-01; Civil Action No. 01-817; <u>Rudolph Kern & Angela Kern, et al. v. Leitner Lifts USA, Inc., et al.</u>, Civ. No. 01-0264; <u>LTC (Ret.) John S. Habblett, et al. v. Swoboda Karosserie-und Stahlbauer g.m.b.H., et al.</u>, Civ. No. 8:01-CV-1221-T-30 MAP; <u>LTC (Ret.) John S. Habblett, et al. v. Leitner Lifts USA, Inc., et al.</u>, Civ. No. 01-WM-1124 (D.Col); <u>LTC (Ret.) John S. Habblett, et al. v. Siemens AG, et al.</u>, Civil No. 01-CIV-6554- <u>LTC (Ret.) John S. Habblett, et al. v. Waagner-Biro, et al.</u>, Civil Action No. 01-5815 (C.D.Cal.); <u>Habblett, et al. v. Omni-glow Corporation, et al.</u>, N.D.MA; <u>Habblett, et al. v. Bosch Rexroth AG, et al.</u>, Civil Action No. 01-CV-4201 (E.D.P.A.); <u>Habblett, et al. v. TUV Osterreich, et al.</u>, Civil Docket No. 301 CV 1794 (JBA)(Dist. Conn.) (collectively "<u>Kaprun Litigation</u>").

8.    Only the <u>Kaprun Ligitation</u> remains active.[1]

9.    In addition to the constructive notice to all provided by the UCC-1 filings, both the petitioning creditors and the intervening creditor, Elizabeth Fagan, have had actual notice of LGL's claim(s) and secured position since at least 2002. Upon information and belief, all other substantial creditors also have had actual notice of LGL's claim(s) and secured position since at least 2002. All parties to this proceeding had constructive notice of LGL's claim(s) and secured position regarding the <u>Kaprun Litigation</u> well in advance of the filing of the petition in this matter.

10.    The <u>Kaprun Litigation</u> involves 155 death claims and survivor actions, arising from a ski-tunnel accident in Austria, and is presently pending before the Honorable Shira A. Scheindlin, USDC, Southern District of New York. Debtor is counsel to several of the plaintiffs. In accordance with the Master Contract, LGL has a priority security interest and first lien upon all attorney's fees and reimbursement of expenses which may become due to Debtor, having previously purchased and been assigned portions thereof by the Debtor. (Exhibit 3)

11.    In accordance with the provisions of the Master Contract, Debtor and LGL agreed that as of May 1, 2002 Debtor's total indebtedness to LGL was $545,056.78. The acknowledgment of this indebtedness and the calculation of same is set forth at Pages 6 and 7 of the Master Contract. (Exhibit 3)

---

[1] LGL previously received $425,000.00 in partial satisfaction of Debtor's obligation to LGL relating to the previously concluded <u>Meili</u> matter and the Holocaust-related cases. The liquidated portion of the present claim of LGL represents the amount due from Debtor, net of the monies previously received.  (Exhibit 5)

12.    Subsequent to the execution of the Master Contract, and as contemplated therein, Debtor and LGL entered into a series of purchase contracts pursuant to which LGL remitted to Debtor additional consideration,  as shown in Exhibits 6,7,8,9,10 and 11. Those agreements incorporate a uniform formula for determining due dates and per diem charges, based upon the Master Contract.

13. Each of those contracts reaffirms and incorporates by reference all terms of the Master Contract dated August 26, 2002 and summarizes the amounts due and the computation of all per diem charges, identifying the per diem charges attributable to each contract and calculating the amount due as agreed upon by Debtor and LGL.  The total due and agreed upon as of November 15, 2002, based on the formulae set forth therein, was $716,038.57. In addition, there were later purchases and advances of consideration, pursuant to the Master Contract, as follows:

Exhibit 12, Contract dated 06/03/2003;

Exhibit 13, Contract dated 09/28/2004.

14.    There is currently due and owing the liquidated amount of $1,265,109.57 as detailed in Exhibit 14 attached hereto.  In summary:

| | |
|---|---|
| Meili | 537,419.57 |
| Predecessor Transactions | 196,000.00 |
| 2002 Transactions | 719,530.00 |
| 2003/2004 Transactions | 37,160.00 |
| | 1,490,109.57 |
| Less payments received | - 225,000.00 |
| | **1,265,109.57** |

15.    In addition, LGL's lien secures the assignment by Debtor, per the Master Contract, of certain referral fees, the amount of which cannot be determined at this time,

which will become due to Debtor out of the fees payable to counsel from a recovery in the

Kaprun Litigation.

HARVEY S. GROSSMAN,
President, The Lions Group, Ltd.

Sworn and Subscribed Before Me
This 25th Day of February, 2007

-8-

# EXHIBIT 1 -

# FAGAN NOTICE OF CHAPTER 11, BANKRUPTCY CASE, MEETING OF CREDITOR, & DEADLINES UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRICT OF FLORIDA

## UNITED STATES BANKRUPTCY COURT
### Middle District of Florida

# Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines
A chapter 11 bankruptcy case concerning the debtor(s) listed below was filed on February 14, 2007 .

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
NOTE:  The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

| | |
|---|---|
| Debtor(s) (name(s)) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):<br>Edward D Fagan<br>PO Box 10614<br>Tampa, FL 33679 | |
| Case Number:<br>8:07–bk–01109–PMG | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>463–98–4125 |
| Attorney for Debtor(s) (name and address):<br>Edward D Fagan<br>PO Box 10614<br>Tampa, FL 33679<br>Telephone number: | |

### Meeting of Creditors
Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting.
You are reminded that Local Rule 5073–1 restricts the entry of cellular telephones into the Courthouse.

Date: **March 14, 2007**      Time: **01:30 PM**
Location: **501 East Polk St., (Timberlake Annex), ROOM 100–B, Tampa, FL 33602**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:
Notice of deadline will be sent at a later time.

### Foreign Creditors
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

### Deadline to File a Complaint to Determine Dischargeability of Certain Debts: May 14, 2007

### Deadline to File a Complaint Objecting to Discharge of the Debtor:
*First date set for hearing on confirmation of plan.*
Notice of that date will be sent at a later time.

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| Address of the Bankruptcy Clerk's Office:<br>Sam M. Gibbons United States Courthouse<br>801 North Florida Avenue Suite 727<br>Tampa, FL 33602<br>Telephone number:  813–301–5162 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Lee Ann Bennett |
| Hours Open:  Monday – Friday 8:30 AM – 4:00 PM | Date:  February 15, 2007 |

AIG-14714 113A-8 B9E 07-01109
Edward D Fagan
PO Box 10614
Napl. FL 33679

## OFFICIAL BUSINESS

UNITED STATES BANKRUPTCY COURT
PENALTY FOR PRIVATE USE $300
CONTAINS NOTICE of a PROCEEDING
in the
UNITED STATES BANKRUPTCY COURT

029541 29541 1 AT 0.308 07052 0 0 5645-0-30252
Harvey Grossman
80 Main Street
West Orange, NJ 07052-5460

PRESORTED
FIRST-CLASS MAIL
POSTAGE & FEES PAID
UNITED STATES COURTS
PERMIT NO. G-18

## FIRST-CLASS MAIL

# EXHIBIT 2

## VOLUNTARY PETITION
## OF DEBTOR, EDWARD D. FAGAN,
## UNITED STATES BANKRUPTCY COURT,
## MIDDLE DISTRICT OF FLORIDA

Official Form 1 (10/06)

# United States Bankruptcy Court
## Middle District of Florida

| Name of Debtor (if individual, enter Last, First, Middle): **Fagan, Edward D.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): **4125, 13-368-3262** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State): **16216 First St. E. Redington Beach FL** ZIP CODE **33708** | Street Address of Joint Debtor (No. & Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: **Pinellas** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): **PO Box 10614 Tampa, FL** ZIP CODE **33679-0614** | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

**Type of Debtor** (Form of Organization) (Check one box.)
- ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts

**Filing Fee** (Check one box)
- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2 million.

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors

THIS SPACE IS FOR COURT USE ONLY

FILED TAMPA, FLORIDA CLERK, U.S. BANKRUPTCY COURT, MIDDLE DISTRICT OF FLORIDA 2007 FEB 14 AM 8: 55

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $10,000 | $10,000 to $100,000 | $100,000 to $1 million | $1 million to $100 million | More than $100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☑ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,000 to $100,000 | $100,000 to $1 million | $1 million to $100 million | More than $100 million |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☑ | ☐ |

Official Form 1 (10/06)                                                                                                    FORM B1, Page 2

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Edward D. Fagan** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **Fagan, Edward** | Case Number: **06-0014863 (NLW)** | Date Filed: **June 2006** |
| District: **NJ** | Relationship: **Attempt Involuntary** | Judge: **Novalyn Winfield** |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | **X   Not Applicable** |
| | Signature of Attorney for Debtor(s)                     Date |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐   Yes, and Exhibit C is attached and made a part of this petition. |
| ☑   No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ☒   Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes.) |
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following). |
| | (Name of landlord that obtained judgment) |
| | (Address of landlord) |
| ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

FORM B1, Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case)* | **Name of Debtor(s):** Edward D. Fagan |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached |

X *(signature)* Signature of Debtor **Edward D. Fagan**

X **Not Applicable**
Signature of Joint Debtor

(973) 568 - 6441
Telephone Number (If not represented by attorney)

Feb. 13, 2007
Date

X **Not Applicable**
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X _____ Signature of Attorney for Debtor(s)<br><br>_____ Printed Name of Attorney for Debtor(s) / Bar No.<br><br>_____ Firm Name<br><br>_____ Address<br><br>_____ Telephone Number<br><br>_____ Date | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.<br><br>**Not Applicable**<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____ Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. 110.) |

---

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X **Not Applicable**<br>Signature of Authorized Individual<br><br>_____ Printed Name of Authorized Individual<br><br>_____ Title of Authorized Individual<br><br>_____ Date | _____ Address<br><br>X **Not Applicable**<br><br>_____ Date<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.* |

Official Form 1, Exhibit D (10/06)

## UNITED STATES BANKRUPTCY COURT

_____District of_____

In re _Edward D. Fagan_          Case No._____
        Debtor(s)                              (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

   **Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

   *Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

   ☐ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

   ☑ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**Official Form 1, Exh. D (10/06) – Cont.**

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]* _____

_____ .

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor _____

Date: _Feb. 14, 2007_

2

Official Form 6D (10/06)

In re **Edward D. Fagan** _____,     Case No. _____
                     Debtor                                                    (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>None | | | <br>VALUE $0.00 | | | | | 0.00 |
| ACCOUNT NO.<br><br>None | | | <br>VALUE $0.00 | | | | | 0.00 |
| CCOUNT NO.<br><br>None | | | <br>VALUE $0.00 | | | | | 0.00 |
| ACCOUNT NO.<br><br>None | | | <br>VALUE $0.00 | | | | | |

0     continuation sheets
      attached

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page)

| | |
|---|---|
| $ | $,000,000.00 |
| $ | $,000,000.00 |

(Report also on Summary of Schedules)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6E (10/06)

Edward D. Fagan                                                    Case No. _____
_____                                                      (if known)
                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☑  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**Official Form 6E (10/06) - Cont.**

Edward D. Fagan           Case No. _____
              Debtor                                                   (if known)

❑ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3  continuation sheets attached

Official Form 6E (10/06) - Cont.

a    Edward D. Fagan

_____
Debtor

Case No. _____
(If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Type of Priority: **Domestic Support Obligations**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  No Account No.<br><br>Elizabeth A. Silver-Fagan<br>10 Fern Cliff Terrace<br>Short Hills<br>NJ<br>07078 | | | September 2002<br>Divorce | | X | | 3,000,000.00 | 3,000,000.00 | 0.00 |

Sheet no. _2_ of _3_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals▷
(Totals of this page)

$ 3,000,000.00 | $ 3,000,000.00 | $ 0.00

Total  ▷
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

$

Total  ▷
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. )

$    |    $

Official Form 6E (10/06) - Cont.

e    Edward D. Fagan                                      Case No. _____
                                                                    (If known)
                          Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Type of Priority: Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 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<br>NJ Division of Taxation<br>Taxation Bldg. 50 Barrac<br>50 Barrack St. 1st Fl<br>Trenton, NJ<br>08695 | | | December 2003<br>Taxes | | X | | 175,000.00 | 175,000.00 | 0.00 |
| ACCOUNT NO. 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<br>NYS Division of Taxation<br>POBox 2107<br>Albany<br>NY<br>12220 | | | December 2003<br>Taxes | | X | | 375,000.00 | 375,000.00 | 0.00 |
| ACCOUNT NO. 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<br>US - IRS<br>1 Centre Street<br>Room 200N<br>NY, NY<br>10007 | | | December 2003<br>Taxes | | X | | 750,000.00 | 750,000.00 | 0.00 |

Sheet no. 3 of 3 continuation sheets attached to Schedule of
Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals▶<br>(Totals of this page) | $ 1,300,000.00 | $ 1,300,000.00 | $ 0.00 |
| Total ▶<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ 4,300,000.00 | | |
| Total ▶<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 4,300,000.00 | $ 0.00 |

Official Form 6F (10/06)

re    Edward D. Fagan                                    Case No. _____
                                    Debtor                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  No Account<br><br>Allen Tavel<br>c/o Chad Friedman<br>Ravin Greenberg<br>101 Eisenhower<br>Roseland, NJ 07078 | | | December 2004          Setoff<br>Disputed Judgment | | | X | 3,400,000.00 |
| ACCOUNT NO.  No Account<br><br>Andrew Decter<br>c/o Chad Freidman<br>Ravin Greenberg<br>101 Eisenhower Pkwy<br>Roseland, NJ 07078 | | | December 2004          Setoff<br>Disputed Judgment | | | X | 685,000.00 |
| ACCOUNT NO.  No Account<br><br>Bruce Levitt<br>76 South Orange<br># 305<br>South Orange, NJ<br>07079 | | | January 2007<br>Professional Fees | | | | 2,500.00 |
| ACCOUNT NO.  No Account<br><br>Clark Alpert Esq.<br>449 Mt Pleasant Ave<br>West Orange<br>NJ<br>07052 | | | December 2006<br>Professional Fees | | | | 300,000.00 |
| ACCOUNT NO.  No Account<br><br>Diane Gibbons<br>c/o Chad Friedman<br>Ravin Greenberg<br>101 Eisenhower Parkway<br>Roseland, NJ 07068 | | | December 2004          Setoff<br>Judgment | | | X | 217,500.00 |

2   Continuation sheets attached

Subtotal ▶ $    4,605,000.00

Total ▶ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

re   **Edward D. Fagan** _____     Case No. _____
                                  Debtor                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   No Account <br> Dr. Carl Abraham <br> 3 Baker Hill Road <br> Great Neck <br> NY <br> 11023 | | | January 2007 <br><br> Professional Fees | | | | 75,000.00 |
| ACCOUNT NO.   No Account <br> Edith Edry <br> c/o Chad Friedmand <br> Ravin Greenberg <br> 101 Eisenhower Pkwy <br> Roseland, NJ 07078 | | | December 2004          Setoff <br><br> Disputed Judgment | | | X | 225,000.00 |
| ACCOUNT NO.   No Account <br> Harvey Grossman <br> 0 Main Street <br> West Orange <br> NJ <br> 07052 | | | December 2000 <br><br> Factoring / Borrowing | | | X | 750,000.00 |
| ACCOUNT NO.   No Account <br> Hunter Singer <br> c/o Hantman Assoc <br> 1414 6th Ave <br> NY, NY <br> 10019 | | | December 2006          Setoff <br><br> Loan | | | X | 100,000.00 |
| ACCOUNT NO.   No Account <br> John N. Post <br> 425 Eagle Rock Ave <br> Ste 200 <br> Roseland <br> NJ 07068 | | | October 2002 <br><br> Professional Fees | | | | 250,000.00 |

Sheet no. _1_ of _2_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal  >   $   1,400,000.00

Total  >   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

re   **Edward D. Fagan**                                          Case No. _____
_____                                        _____
                                    Debtor                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **No Account**<br><br>**Mike Ambrosio**<br>449 Mt. Pleasant<br>West Orange<br>NJ<br>07052 | | | **December 2006**<br><br>**Professional Fees** | | | | 75,000.00 |
| ACCOUNT NO.   **No Account**<br><br>**Norbert Gschwend**<br>Steig Center<br>Industriestr 28<br>Herisau<br>9100 Switzerland | | | **December 2000**<br><br>**Factoring / Borrowing** | X | | | 3,000,000.00 |
| ACCOUNT NO.   **No Account**<br><br>Stroock Stroock & Lavan<br>80 Maiden Lane<br>New York<br>NY<br>10038 | | | **December 2005**          Setoff<br><br>**Judgment** | | | X | 330,000.00 |
| ACCOUNT NO.   **1010125024264**<br><br>**Wachovia Bank**<br>PO Box 563966<br>Charlotte<br>NC<br>28256 | | | **December 2006**<br><br>**Bank Overdraft** | | | | 2,500.00 |

Sheet no. _2_ of _2_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal  >  $  **3,407,500.00**

Total  >  $  **9,412,500.00**

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

United States Bankruptcy Court - Middle District of Florida
Name of Debtor: Edward D. Fagan                              Voluntary Petition

## MATRIX

Silver-Fagan, Elizabeth A.
10 Fern Cliff Terrace
Short Hills, NJ 07078

NJ Division of Taxation
Taxation Bldg. 50 Barracks Street, 1st Fl
Trenton, NJ  08695

NYS Division of Taxation
PO Box 2107
Albany, NY  12220

IRS
1 Centre Street, Room 200N
New York, NY  10007

Tavel, Allen
c/o Chad Friedman, Raven Greenberg
101 Eisenhower Pkwy
Roseland. NJ  07068
Decter, Andrew
c/o Chad Friedman, Raven Greenberg
101 Eisenhower Pkwy
Roseland. NJ  07068
Edry, Edith
c/o Chad Friedman, Raven Greenberg
101 Eisenhower Pkwy
Roseland. NJ  07068
Gibbons, Diane
c/o Chad Friedman, Raven Greenberg
101 Eisenhower Pkwy
Roseland. NJ  07068
Abraham, Dr. Carl
3 Baker Hill Road
Great Neck, NY  11203

Grossman, Harvey
80 Main Street
West Orange, NJ  07052

Singer, Hunter
c/o Robert Hantman
1414 6th Avenue, New York, NY  10019

Post, John N.
425 Eagle Rock Ave. Ste 200
Roseland, NJ 07068

Ambrosio, Mike
449 Mt Pleasant Avenue
West Orange, NJ  07052

Gschwend, Norbert
Steig Center, Industriestr. 28,
Herisau, 9100 Switzerland

United States Bankruptcy Court - Middle District of Florida
Name of Debtor:  Edward D. Fagan                          Voluntary Petition

## MATRIX

Stroock, Stroock & Lavan
180 Maiden Lane
New York, NY 10038

Alpert, Clark
449 Mt Pleasant Avenue
West Orange, NJ  07052

Levitt, Bruce
75 South Orange Ave., #305
South Orange, NJ  07079

Wachovia Bank
PO Box 563966
Charlotte, NC 28256

# EXHIBIT 3

# MASTER CONTRACT BETWEEN
# THE LIONS GROUP, LTD. AND FAGAN

### SECURITY AGREEMENT AND AGREEMENT AS TO PURCHASE AND ASSIGNMENT OF ANTICIPATED ATTORNEY'S FEES,  REAFFIRMATION OF PRIOR PURCHASES, ASSIGNMENTS AND RELATED SECURITY INTERESTS, AND CONSOLIDATION OF EXISTING OBLIGATIONS

THIS AGREEMENT is made and entered on **APRIL 26, 2002**, by and between THE LIONS GROUP, LTD., ("LGL"), with a principal office located at 80 Main Street, West Orange, New a Jersey, 07052, and its successors and/or assigns, and EDWARD FAGAN, ESQUIRE, d/b/a FAGAN & ASSOCIATES), ("Attorney"), whose address is 301 South Livingston Avenue, Suite 100, Livingston, New Jersey, 07039, and his successors and/or assigns.

<u>**RECITALS:**</u>

A.     Pursuant to previous agreements dated March 3, 2000, December 29, 2000, February 17, 2001, March 14, 2001, March 30, 2001, May 15, 2001, May 16, 2001, May 31, 2001, June 27, 2001, August 14, 2001, March 21, 2002 and April 8, 2002 (the "Predecessor Agreements"), Attorney has sold and assigned to LGL, in whole or in part, unpaid legal fees and/or his right to reimbursement for expenses which Attorney is, or may be, entitled to receive with respect to representation of clients in the following matters:

1.     <u>Meili v. Union Bank of Switzerland</u> and/or <u>Meili v. Robert Studar,</u> Master Docket No. CV-96-4849 (E.D.N.Y.), Index No. 98-100630 ("the Meili fees");

2.     <u>Holocaust Related Cases</u>

     a.     <u>In Re: Holocaust Victims Assets,</u> Master Docket No. CV-96-4849 (E.D.N.Y.) (collectively the "Holocaust claims fees"), and

     b.     <u>In Re: Austrian and German Bank Holocaust Litigation Watman et al v. Deutsche Bank et al (Austrian & German Banks Case),</u> Docket #CV-98-3938 (pending in the United States District Court for the Southern District of New York before the Honorable Shirley Wahl Kram)

3.     <u>In Re: Ski Train Fire in Kaprun, Austria on November 11, 2000,</u> MDL Dkt. No. 1428 ( S.D. N.Y); <u>Habblett, et al. v. Leitner Lifts USA, Inc., et al.,</u> CIV-0266-01; Civil Action No. 01-817; <u>Rudolph Kern & Angela Kern, et al. v. Leitner Lifts USA, Inc., et al.,</u> Civ. No. 01-0264; LTC (Ret.) <u>John S. Habblett, et al. v. Swoboda Karosserie-und Stahlbauer g.m.b.H., et al.,</u> Civ. No. 8:-1-CV-1221-T-30 MAP; LTC (Ret.) John S. <u>Habblett, et al. v. Leitner Lifts ISA, Inc.,</u> et al., Civ. No. 01-WM-1123 (D.Col); LTC

(Ret.) <u>John J. Habblett, et al. v. Siemens AG, et al.</u>, Civil No. 01-CIV 6554; <u>LTC</u>
<u>(Ret.) John S. Habblett, et al. v. Waagner-Biro</u>, et al., Civil Action No. 01-5815 (C.D.
Cal.); <u>Habblett, et al. v. OMNI-GLOW CORPORATION, et al.</u>, N.D. MA., <u>Habblett,</u>
<u>et al. v. Bosch Rexroth AG, et al.</u>, Civil Action No. 01-CV-4201 (E.D.P.A.); <u>Habblett,</u>
<u>et al. v. TUV OSTERREICH, et al.</u>, Civil Docket No. 301 CV 1794 (JBA)(Dist.
Conn.), collectively "the Kaprun claims"), in which Attorney represents various
claimants seeking recoveries in a series of matters assigning out of a ski-lift collapse
in Kaprun, Austria and shall thereupon become entitled to receive fees and
reimbursement of expenses (collectively "the Kaprun fees").

B.   In addition thereto, Attorney assigned to LGL his attorney's liens with respect to the
foregoing matters, collectively referred to as "the Original Claims," and LGL thereafter
perfected UCC Article 9 security interests in such unpaid legal fees, rights to reimbursement
for expenses and attorney's liens, all of which security interests are existing first lien
positions, other than the security interests created with respect to the Holocaust Claims
fees, which have been extinguished.

C.   On October 24, 2001 a payment of $200,000.00 was made by Attorney against the moneys
then unpaid and due (inclusive of liquidated damages accruing on a per diem basis), which
amount was applied in full satisfaction of Attorney's obligations to LGL with respect to the
Holocaust claims fees, and a portion of the accrued liquidated damages with respect to the
remaining Original Claims, subject to the further understanding that all amounts then
remaining unpaid, together with any per diem liquidated damages accruing thereafter, as
well as any further purchases by LGL of fees due Attorney would be secured by first liens
upon, and UCC 9 security interests in the remaining Original Claims, as well as the
Attorney's Portion(s) in any other matters (hereinafter collectively "the Additional Claims")
which might thereafter be sold by Attorney to LGL.

D.   Upon receipt on October 24, 2001 of said payment and the application thereof t by LGL,
Fagan and LGL agreed that various debts of Fagan remained owing by Fagan to LGL, and
that per diem liquidated damages for nonpayment thereof would be consolidated and
adjusted, as provided for hereinafter.

E.   Attorney and LGL have accordingly determined to supplement, and to extent the terms may
be inconsistent therewith, to amend the Predecessor Agreements In order to consolidate
and restate the obligations currently outstanding, including those relating to the purchase

2

and assignment of additional fees after October 24, 2001, to: (i) reflect the manner of application of that payment, (ii) to reaffirm LGL's Security Interest with respect to the remaining Original Claims, (iii) to better secure LGL with respect to the amounts remaining outstanding, and (iv) to set forth terms, procedures, and security arrangements the parties have agreed upon in order to govern contemplated further assignments to LGL, as well as to determine the amount of the liquidated damages which have accrued, and the manner in which they shall accrue hereafter.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the sufficiency of which are hereby acknowledged, the parties agree as follows:

1.    Recitals. The Recitals set forth above are incorporated into this Agreement and are hereby made a part thereof; to the extent of either party's knowledge with respect thereto at the time of execution of the within agreement, they each affirm to the other that the assertions set forth therein are true and correct.

2.    Survival of Predecessor Agreements and Un-Extinguished Security Interests. This Agreement is intended to supplement, rather than supersede the Predecessor Agreements and said agreements, and the obligations and security interests created thereunder shall survive and be deemed to be incorporated herein, except to the extent they have been, or may hereafter be extinguished, or may be inconsistent therewith, in which case they shall be deemed amended and superseded pro tanto by this Agreement.

3    Definitions. For the purposes of this Agreement, the following terms shall mean as follows:

a.    "The Claims" more specifically shall be deemed to refer collectively to all of the claims identified in the Recitals, together with any other matter with respect to which Attorney may hereafter sell and assign to LGL some or all of his right to receive fees and/or reimbursement of expenses which may become due him as a result of performing legal services with respect to such matter.

b.    "The Original Claims" more specifically shall refer collectively to the Meili Claims, the Holocaust claims fees, the Swiss/Austrian Bank claims and the Kaprun claims.

c.    "The Additional Claims" more specifically shall refer collectively to any other any legal matter(s) as a result of which fees may become due Attorney as a result of

3

performing legal services with respect to such matter, and as to which the Attorney's Portion of any Recovery is hereafter assigned to LGL pursuant to this Agreement.

d.  "Recovery" and "Recoveries" shall refer to the proceeds of any favorable resolution of any matter among the Claims, whether by way of judgment, settlement, final order or decree.

e.  "Fee agreement" shall refer to any agreement in writing between Attorney and any client(s), or any person authorized to act upon any client or group of clients, or the order of any Court, arbitrator or administrative body having jurisdiction, which is intended to set forth, and/or determine the fees and amount(s) of reimbursement of expenses which shall be due Attorney from the proceeds of any Recovery or Recoveries.

f.  "Attorney's Portion" shall refer to both the fees and amount of reimbursement of expenses due Attorney upon resolution of any of the Claims, whether same is determined under any fee agreement with a client or clients, or as a result of any order or award of any Court, arbitrator or administrative body.

g.  The "per diem rate" as used hereinafter shall mean liquidated damages as set forth in Paragraph Six above.

4. <u>Representations and Warranties</u>. Attorney represents and warrants as follows:

a.  Attorney is/or was the duly-authorized counsel, or co-counsel of record for plaintiff(s) in each of the completed, currently pending, or contemplated litigations among the Original Claims, and shall be the duly-authorized counsel, or co-counsel of record for plaintiff(s) in any matter which becomes one of the Additional Claims; as to any of any of the Original Claims which have been resolved, Attorney has either already earned, been awarded, and/or shall be entitled to receive fees and reimbursement of expenses out of the proceeds of any resulting Recovery; as to any of the Additional Claims., Attorney shall be entitled to receive fees and reimbursement of expenses out of the proceeds of any resulting Recovery.

b.  With respect to all of the Claims, including the Kaprun claims, and in other matter which becomes one of the Additional Claims, there exists, or there shall a valid and enforceable written fee agreement, and/or Attorney otherwise has a formally

4

recognized and enforceable right to receive fees and reimbursement of expenses with respect to services relating to each of the Claims in question, as set forth and described attached Exhibit A.

c.    By virtue of the Fee Agreements, a court or administrative order and/or by operation of law, Attorney has, or shall have either a statutory or common-law attorney's lien, charging lien, equitable lien or enforceable pledge ("Attorney's Lien") upon the proceeds received, or to be received by the plaintiffs with as a result of litigation with respect to all of the matters constituting those of the Claims which are, or become the subject of litigation, including the Kaprun claims, which secures payment to Attorney of any legal fees and/or reimbursement of expenses to which Attorney is, or may become entitled.

d.    All of the Claims are believed to be meritorious and timely, and shall be, or are being prosecuted by Attorney in good faith.

e.    There is no reason known to Attorney which could affect either the validity or enforceablity of any of the fee agreements or the validity, priority or enforceablity of Attorney's Lien upon any Recovery with respect any claims identified in this Agreement, except as specifically noted herein.

g.    Attorney has full power and authority to make and execute this Agreement.

h.    To Attorney's knowledge and belief, the contents of all exhibits made part hereof, and incorporated herein by reference are true and accurate, and understood and intended by Attorney to be incorporated herein, and made part of this Agreement by reference, and

i.    Attorney is without access to conventional sources of credit through which he could otherwise obtain the funds necessary to cover office overhead, and the litigation expenses, and costs related to prosecuting the Kaprun claims and other matters successfully, and complete whatever more work remains with respect to the remaining matters referred to above.

5.    Impairment of Priority of Security Interest by Pending or Anticipated Litigation.

a.    Except insofar as provided for by orders issued in the matter of Fagan v. Fagan, Docket No.  FM-07-179-00 (Superior Court of New Jersey - Chan. Div. Essex

5

County), as forth and described in Exhibit B, and previously disclosed to LGL, attorney acknowledges that all amounts presently due under the Predecessor Agreements, or which shall hereinafter become due LGL under the terms of this Agreement are, or will be, secured by a security interest in favor of LGL which is, or shall be a first lien position with respect to the proceeds of the Attorney's Portion of any Recovery on any matter which is among the Claims, and such security interest is not, and shall not be in conflict with, or subject to any order issued by the court in any other matter in which Attorney is a party;

b.   Except with respect to the pending divorce matter of <u>Fagan v. Fagan</u>, to the extent LGL has been given full notice thereof as set forth above, Attorney is not aware of any proceeding, including but not limited to any bankruptcy or insolvency proceeding, or proceeding before probate or surrogate court for disposition, or any property, will or intestacy dispute. in progress or in prospect, which could affect the rights or interest of Attorney with respect to any matter among the Claims, or which could affect or defeat the ability to satisfy any amount which may be due, or become due LGL from Attorney's Portion of the proceeds of any Recovery,

6.   <u>Acknowledgment of Indebtedness; Liquidated Damages</u>. Attorney acknowledges that

a.   (i) As of May 1, 2002, assuming no further payments to LGL by Attorney, the amount of total outstanding indebtedness of Attorney to LGL shall be $545,056.78, inclusive of all per diem charges; (ii) until the total amount then due, or as may become due LGL thereafter is paid in paid in full, any and such indebtedness, including all accruing liquidated damages, and any further indebtedness incurred thereafter, is secured by a security interest ("the Security Interest") which, except as provided for in preceding ¶ '5b)," is, and shall continue to be a first lien upon the proceeds of Attorney's Portion(s) of the Recoveries with respect to all of the Claims, including any Additional Claims.

b.   The indebtedness which shall outstanding as of May 1, 2002 is correctly determined as follows:

i.   <u>Meili Fees (per agreement of 03/03/99)</u>

| | | |
|---|---|---|
| Amount of fee purchased | 250,000.00 | |
| Per Diem $143.33 x 966 days | 137,740.13 | |
| Due as of 5/1/02        = | 387,740.13 | 387,740.13 |

    ii.    <u>Predecessor Agreements of 2/17/01 through 8/14/01</u>

| | | |
|---|---|---|
| Balance remaining as of 10/24/01 | | |
| (241,355.81 - 200,000) | 41,355.81 | |
| After courtesy adjustment | 40,000.00 | 40,000.00 |
| Per diem 10/24/01 — 5/1/02* | 14,960.00 | 14,960.00 |
| Balance due at 5/1/02 | | 54,960.00 |
| *$80.00 x 187 days | | |

    iii.    <u>2002 Transactions (per agreements of March 21 and April 8, 2002)</u>

| Advance Date | Amount | Due Date | Amt. Due | Per Diem | |
|---|---|---|---|---|---|
| 1/1/02 | 20,000 | 3/1 | 24,000 | 2,440.00 | (61 x $40) |
| 2/1 | 20,000 | 4/1 | 24,000 | 1,200.00 | (30 x $40) |
| 3/1 | 25,000 | 5/1 | 30,000 | — | |
| 4/1 | 25,000 | 6/1 | 30,000 | — | |
| Due as of 5/1/02 | | | | | $101,640.00 |

c.    Per Diem charges, representing liquidated damages for delayed payment shall accrue as follows:

    i.  <u>Meili Fees</u>                    $143.33

    ii.  Predecessor agreements of 02/17/01 through
        08/14/01                     80.00

    iii. 2002 transactions (per agreements of 03/21/02
        and 04/08/02)

           $20,000.00 advances          40.00

           $25,000.00 advances          50.00

           Per diem charges representing liquidated damages for delayed receipt of payment by LGL shall accrue after the 1st day of the second month following receipt by Attorney of funds advanced at the rate of $40.00 per $20,000.00 advanced and $50.00 per $25,000.00 advanced.

7.  <u>Additional Purchases in Kaprun Recovery and in Other Matters</u>. It is agreed that

    a.  In addition to Attorney's Portion of Recovery with respect to the Original Claims, or the parts thereof which Attorney has previously sold, assigned and set over to LGL, LGL may upon Attorney's request determine in its sole discretion to purchase additional portions of Attorney's Portion of the Recovery with respect to the Kaprun claims, or with respect to the Additional Claims.

    b.  The terms upon which such further purchases shall be made by LGL with respect to either the Kaprun claims or the Additional Claims shall the same terms as purchases were made under the Predecessor Agreements of March 21 and April 8, 2002, as set forth in ¶¶ 6(a)(iii) and 6(b).

    c.  In addition to securing all amounts which may be outstanding and due to be paid LGL with respect to Attorney's Portions of the Recoveries relating to the Original Claims, the Security Interest and first lien positions provided for herein shall also secure LGL's receipt of all amounts (including per diem charges) which hereafter become due LGL with respect to the Additional Claims purchased by LGL; LGL shall in addition be assigned the Attorney's Lien and be granted a security interest in, and first lien upon Attorney's Portion of the Recoveries on the Additional Claims, upon terms which are the same as the terms upon the Security Interest was been granted with respect to the Original Claims, as provided for in ¶ 5 above, in order that such security interest shall serve to further secure and collateralize all amounts due LGL with respect to the Original Claims, as well as the Additional Claims.

    d.  LGL is hereby authorized, empowered and delegated by Attorney, as Attorney's attorney-in-fact, to amend any filed financing statement in order to implement and perfect all security interest(s) provided for herein and to refer appropriately to this agreement, as may be deemed necessary by LGL, in its sole reasonable judgment, in order to conform same to the terms of this Agreement, and implement its purposes.

    e.  Notwithstanding anything to contrary stated or implied herein, LGL retains the unrestricted right to decline to make additional purchases for any reason, or no reason at all, and nothing set forth herein shall be deemed an offer to purchase.

8.  <u>Additional Terms Relating to Security and Attorney's Obligations Upon a Recovery.</u>

    a.  In addition to the security interests provided for hereunder, LGL shall succeed to, and Attorney assigns and sets over to LGL any security interest or lien intended to protect the payment of the Attorney's Portion upon a Recovery, whether same arises as a matter of law, or exists by reason of any express or implied agreement with Attorney's client, or by virtue of the award or Order of any court or governmental body having jurisdiction with respect to such matter or designated by any court or such body to determine any such award, and regardless of whether same is denominated as an attorney's lien, charging lien, equitable lien, or other common law or special lien.

    b.  Attorney shall execute and deliver to LGL all such documents, financing statements, UCC or other forms, or instruments, including any amendment thereof, or consents to orders, as counsel for LGL may reasonably require and LGL may direct for the purpose of effectuating the sales and/or assignments contemplated hereunder, and the continuation or perfection of any security interest identified or provided for herein, or under the Predecessor Agreements, including any instrument related to effectuating any assignment contemplated by the preceding paragraph "a,"

c.    He shall, when reasonably requested by LGL, undertake such actions, including payment of filing, recording and other fees, and/or do or cause to be done such other acts or things as LGL may deem necessary to establish, protect, confirm and continue its rights and interests under this Agreement and the Prior Agreements.

d.    (i) Attorney shall immediately advise LGL in writing, and provide LGL with a copy of any confirmatory agreement, order, judgment, or other document, upon the right to a Recovery in any matter among either the Original or Additional Claims becoming established or determined, or an event material to the likelihood of a Recovery occurs in any matter which is among the Claims which are then pending, whether same is the result of a settlement, agreement, judgment, order, or otherwise; this shall include the reversal, favorable reconsideration or remand in any matter in which there has been a prior adverse verdict, judgment, or dismissal or the equivalent. (ii) If a Recovery in any such matter which is among the Original or Additional Claims is subsequently achieved, Attorney's Portion of any Recovery resulting therefrom shall be applied to any amount remaining due LGL hereunder, in the manner provided for in succeeding ¶¶ "e" through "g."

e.    Attorney shall, upon the actual receipt of the proceeds in any form of the Recovery, or any such proceeds becoming subject in any way to his direction and control, immediately advise LGL of same in writing, and by facsimile [fax] transmission and telephone, and all such proceeds shall be directly deposited in Attorney's trust account, or to a separate escrow account established to receive same; Attorney shall thereupon become a trustee for, and escrow agent of, LGL with regard to holding, applying and paying over to LGL the amount due it therefrom in accordance with the terms of this agreement, and/or the Predecessor Agreements.

f.    In recognition of LGL's first lien position and ownership interest, Attorney agrees and covenants that the full amount due LGL hereunder shall be immediately deducted from Attorney's Portion of any Recovery with respect to either the Original and the Additional Claims, and paid over to LGL before any other obligation which Attorney wishes to pay out of such Attorney's Portion is paid therefrom, except insofar as the amount received may represent payment due unrelated third-parties or attorneys for services provided by them in connection with the litigation of the matter, or may be due others who are the holders of statutory or common law liens upon such Recovery.

g.    Attorney agrees that he shall, as soon as reasonably possible and without delay, deliver and remit to LGL any amounts due LGL from any Recovery, and, as required, endorse any check representing same to the order of "THE LIONS GROUP, LTD." or its order; if for any reason any such payment cannot be so delivered to LGL, until the delivery of same to LGL can be completed Attorney shall continue to hold said payment in safekeeping as the agent and fiduciary of LGL, as provided for ;

h.    Attorney hereby acknowledges and agrees that any amount due to be paid LGL under the preceding sub-paragraph "g" shall not be subject to interpleader or assertion by Attorney or any other party of any right or any set-off or defense to the immediate payment of this amount, or any other claim, or assertion which would serve to delay, limit or avoid payment of same.

9.    Application of the Proceeds of a Recovery. With respect to the proceeds of Attorney's Portion of any Recovery with respect to both the Original Claims and the Additional Claims, the priority of applying same to obligations which are the subject of this agreement shall be

9

determined on the basis of seniority, with the most senior obligation being paid first out of Attorney's Portion of any Recovery, seriatim, until all such Attorney's Portions have been fully applied to all amounts then due LGL have been paid in full.

10.    <u>No Personal Liability of Attorney</u>    In the event the Recoveries in all matters among the Original and Additional Claims are insufficient to pay any and all amounts which may be due LGL under the within Agreement and/or any balance due under the Predecessor Agreements, and all reasonable avenues of review have been exhausted with respect to all Claims, Attorney shall not be personally liable for any sums due and owing except in the event such insufficiency was caused by Attorney's bad faith or intentional or reckless misconduct, <u>provided that</u> Attorney, in response to LGL's reasonable demand, provides LGL adequate additional collateral to secure the payment of any sums due and owing, plus any liquidated damages which may accrue thereafter.  Such additional collateral shall be in the form of an assignment or pledge for the purpose of security of the Attorney's Portion(s) of the anticipated recovery or recoveries in matters other than those which are among either the Original or Additional Claims, unless the parties mutually agree upon an alternative form of security.

11.    <u>Division of Referral Fee</u>.

a.    Attorney acknowledges that the ongoing assistance, resources and advice provided to Attorney by Harvey S. Grossman, Esq., the principal of LGL, were instrumental both in Attorney being selected to represent various plaintiffs in connection with the <u>Kaprun</u> claims, and in enabling him to recommend other lawyers to participate in representing various claimants with respect thereto; as a result such other lawyers have agreed that Attorney shall be entitled to receive 10% of the net fees received by them.

b.    In consideration for the willingness of Harvey S. Grossman, Esq. to continue provide such assistance, and advice to the Attorney, and in further consideration for LGL's agreement to forgive a portion of the accrued liquid damages due it under the Predecessor Agreement, and other good and sufficient consideration, Attorney promises to remit to Harvey S. Grossman one-quarter of all such referral fees relating to the <u>Kaprun</u> claims as he may be paid (i.e., 2.5% of all such fees).

12.    <u>Attorney's Responsibility in the Event of Being Discharged as Counsel in any Matter</u>. In the event Attorney is discharged by the court or client and new counsel substituted for him, he shall notify LGL immediately and assist LGL in notifying substituted counsel of the existence of the assignment to LGL, and LGL's security position, and in obtaining acknowledgment of same from substituted counsel; Attorney shall not be relieved of any responsibility for repayment until LGL is (i) satisfied that its security interest and lien have been adequately acknowledged by substituted counsel, and are enforceable and binding upon substituted counsel and the client(s), or (ii) LGL has been provided with adequate additional collateral, as provided for in preceding ¶ 10, but (iii) LGL agrees to waive such requirement if it is a reasonable certainty that all amounts due and outstanding are adequately secured by the lien positions it holds which respect to other matters.

13.    <u>Additional Promises and Covenants of Attorney</u>. Attorney further promises, covenants and agrees that

a.    He has not, and shall not grant or otherwise cause or suffer the existence of, in any form, and security interest, pledge, encumbrance or assignment of the Lien, other

than in favor of LGL, or pledge, encumber, assign or convey Attorney's Portion of the Recovery in the Claims other than in favor of LGL;

b.   He has not, and shall not grant or otherwise cause or suffer the existence of any lien or security interest which is superior to or in conflict with any assigned, created or granted interest hereunder, or that Attorney has hereby promised, covenanted and agreed to create or grant hereunder;

c.   He has not, and shall not cause or suffer any part of the Lien or Attorney's Portion or any interest therein to be subject to any security interest other than in favor of LGL;

d.   He shall defend the priority of all security interests, assignments and pledges granted or intended to be granted to LGL hereunder against the claims and demands of all persons other than LGL, and hold LGL harmless, and indemnify LGL as to any and all expenses, including legal fees and litigation costs that may incurred in enforcing LGL's rights under this agreement and the Predecessor Agreements, and

e.   Shall pay all costs, expenses, charges and other obligations, including without limitation, reasonable attorney fees, suffered or incurred by LGL to protect, preserve, maintain and obtain possession of the rights intended to be granted it hereunder, including preserving and maintaining all security interests and liens intended to be granted by this Agreement, and to enforce or assert any one or more of LGL's rights, powers, remedies and defenses under this Agreement.

14.   <u>Attorney's Further Representations, Acknowledgments and Warranties</u>. Attorney further represents, warrants, and/or acknowledges that

a.   He is not a minor and has never been judged incompetent, and is otherwise fully competent, as a result of experience and professional training to understand, and does fully understand the understanding of the terms of this Agreement and his obligations hereunder;

b.   He was advised by LGL of the desirability of securing independent counsel to review on his behalf this agreement and the Predecessor Agreements, and related instruments; (ii) that he has sought and obtained the advice of his own independent legal counsel before executing and delivering this Agreement, the Agreements and related instruments, or (iii) if Attorney has not secured independent counsel, it is because, as a licensed attorney, he deems himself fully qualified to undertake such review on his own behalf;

c.   Based upon his own independent judgment or the advice of counsel of his choice, Attorney believes that the within agreement is valid and permissible under the statutes, common law, and ethics or disciplinary rules of every jurisdiction which might have authority over his conduct with respect to the matters comprising the Claims and, to the extent permitted by applicable law, irrevocably waives the right to assert invalidity or limitation under any such law, or ethics or disciplinary rule, or other rule, requirement or standard relating to his professional conduct as a basis for avoiding or delaying any payment required to be made to LGL hereunder, or for not fulfilling his responsibilities hereunder.

d.   He is under no contractual or other restriction or obligation which is inconsistent with the execution of this Agreement or his obligations or undertakings hereunder, and

he knows of no basis, including any legal defense, as a result which Agreement may be deemed unenforceable in accordance with its terms;

e.  He has paid all federal, state and local taxes due through and including the date of this agreement, or has made adequate provision for such payment to the extent no obligation relating thereto shall materially affect or impair LGL's security or the payment of any amount due LGL hereunder, or prevent full implementation of the terms of this agreement, and there are no outstanding tax liens or outstanding and unsatisfied judgments against Attorney, or any liens in favor of the Federal government, or any City, County or State for any social service or other benefit received, or for which Attorney is otherwise liable, and/or obligated for repayment which could materially affect or impair LGL's security or the payment of any amount due LGL hereunder, or otherwise prevent full implementation of the terms of this agreement;

f.  He is duly admitted as a member in good standing of the bar, or is admitted or shall be admitted <u>pro hace vice</u> in each jurisdiction in which any matter among the Claims ma be pending, and is unaware of any contemplated or pending disqualification application, disciplinary proceeding, or intention of the client to substitute other counsel, as could result in Attorney being removed or disabled from continuing to represent the plaintiff(s) in the prosecution of the Claims, and

g.  All of the information provided by Attorney to LGL is accurate, correct and complete in all respects, and Attorney understands and acknowledges that LGL has relied upon such information provided by him in entering into this Agreement, and will continue to rely upon such information in proceeding to with any transaction with respect to the Additional Claims.

15.  <u>Inspection of Books and Records.</u> Attorney shall keep and maintain, at his own expense, complete financial records as to any matter which is among the various claims identified in this agreement; LGL shall have the right to call without notice, at Attorney's place business during normal business hours, in order to inspect the case file and all correspondence, pleadings, books and records relating to any such claim, except as may be subject to Attorney-client privilege.

16.  <u>No Control by LGL as to the Handling of Any Matter.</u> LGL shall not have any control over, nor shall LGL consult in any way with Attorney regarding his actual representation of any client(s) with respect to any matter, nor shall LGL take any other action which seeks to affect, or determine the terms of any Fee Agreement or strategy or tactics employed by Attorney, or affect his independence in the representation of any client, or otherwise intrude upon, abridge or impair Attorney-client relationship.

17.  <u>Events of Default.</u> Attorney shall be in default under this Agreement if

a.  He fails to observe and timely perform any covenants, conditions or agreements required to be observed or performed by him Attorney under this agreement, makes a material misrepresentation hereunder, or breaches any material promise made hereunder, including any promise to hold for LGL's account, and/or to timely remit all amounts which may be due LGL or Harvey S. Grossman, Esq., or

b.  Any of the information provided to LGL by Attorney is inaccurate, incorrect or incomplete, and Attorneys fails, upon becoming aware of same, to promptly take

12

# THE LIONS GROUP, LTD.
## 80 MAIN STREET
### WEST ORANGE, NEW JERSEY 07052
### TELEPHONE: (973) 736-5851, 5824
### OUTSIDE OF NJ: (888) 406-2209
### FAX: (973) 325-2589

November 12, 2002

Jay Rice, Esquire
Nagel, Rice, Dreifuss & Mazie
301 South Livingston Avenue
Livingston, New Jersey 07039

Re:  In Re: Ski Train Fire/Kaprun Case

Dear Jay:

On or about June 27, 2002, I mailed a Notice of Assignment of legal fees and costs from Edward Fagan to The Lions Group, Ltd. on the Kaprun case. The Notice was addressed to the firm and not directly to you. I requested you acknowledge and return same to me. Enclosed is a copy of my letter.

In reviewing my file, I note that I do not have the executed Notice of Assignment and Acknowledgment from you. It would appear that because it was not addressed directly to you that it may not have reached your desk.

Accordingly, enclosed are two copies of same which I ask you to execute and return to my office in the enclosed envelope. Please place a copy in the file and note that you should contact me at the time of disbursement so that I can provide a payoff for Ed's portion in order that a check is issued to The Lions Group, Ltd.

I am by copy of this letter to Bob Swift placing him on notice of this lien so that in the event disbursement is made through his firm that he proceed in accordance with the above and disburse funds in satisfaction of any outstanding lien to The Lions Group, Ltd.

Very truly yours,

Harvey S. Grossman

HSG/dfg
Enclosures
Certified Mail No.  7002 0460 0003 0219 4808
cc:    Robert A. Swift, Esquire, Certified Mail No. 7002 0460 0003 0219 4815
       Edward Fagan, Esquire



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7002 0460 0003 0219 4808

PS Form 3800, January 2001   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joy Recu, Esq.
Nagel Recu Dreifuss Majue
301 S. Livingston Ave.
Livingston, NJ 07039

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☒ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7002 0460 0003 0219 4808

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-0835

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

**Sent To**

**Street, Apt. No.; or PO Box No.**

**City, State, ZIP+ 4**

PS Form 3800, January 2001          See Reverse for Instructions

7015 0219 0000 3000 0460 7002

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert Swift, Esq.
Kohn Swift & Graf
One S. Broad St.
Suite 2100
Philadelphia, PA 19107-3389

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☒ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from service label)*   7002 0460 0003 0219 4815

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-0835

**THE LIONS GROUP, LTD.**
80 MAIN STREET
WEST ORANGE, NEW JERSEY 07052
TELEPHONE: (973) 736-5851, 5824
OUTSIDE OF NJ: (888) 406-2209
FAX: (973) 325-2589

June 27, 2002

Nagel, Rice, Dreifuss & Mazie
301 South Livington Avenue
Livingston, New Jersey 07039

Re:    In Re: Ski Train Fire, Kaprun, Austria

Dear Sirs:

With reference to the above matters, enclosed please find an original and copy of a Notice of Assignment from Edward Fagan, Esquire to The Lions Group, Ltd.

Kindly complete the Acknowledgment on the second page of the original and return same to my office in the enclosed envelope.

Thank you for your prompt attention to this matter.

Very truly yours,

Harvey S. Grossman

HSG/dfg
Enclosures

## NOTICE OF ASSIGNMENT

TO:  **Nagel, Rice, Dreifuss & Mazie**
     **301 South Livingston Avenue**
     **Livingston, NJ 07039**

RE: **In Re: Ski Train Fire, Kaprun,
Austria, et als. and Related Cases**
MDL Docket No. 1428 (S.D.N.Y.), etc.

You are hereby notified that commencing March 3, 1999, Attorney, **EDWARD FAGAN, ESQUIRE, individually and d/b/a Fagan & Associates,** ("Assignor"), whose address is **301 South Livingston Avenue, Suite 100, Livingston, NJ, 07039,** has entered into a series of transactions in which he has granted a first lien and assignment to the undersigned, **THE LIONS GROUP, LTD.,** ("Assignee"), a portion of Assignor's right, title and interest in the legal fees and costs due on the claim(s) herein between Assignor and Assignee. You are hereby instructed to disburse to The Lions Group, Ltd. all sums due and owing to **The Lions Group, Ltd.** in satisfaction of the claim(s) prior to disbursement to the undersigned.

## CERTIFICATION OF ASSIGNOR

I do hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

DATED:  June 24, 2002

WITNESS:

SHARON A. QUINN, ESQ.
Attorney-At-Law of the
State of New Jersey

EDWARD FAGAN, ESQUIRE

STATE OF NEW JERSEY          :
                                    SS:
COUNTY OF ESSEX              :

BE IT REMEMBERED that on ~~May 29, 2002~~ June 24 2002 , before me personally appeared **EDWARD FAGAN** , Assignor herein, who I am satisfied is/are authorized to execute the Notice of Assignment and who executed the Notice of Assignment and acknowledged on the Notice of Assignment that he/she/they signed, sealed and delivered the Notice of Assignment as his/her/their act and deed for the uses and purposes expressed therein.

SHARON A. QUINN, ESQ.
Attorney-At-Law of the
State of New Jersey

ASSIGNEE: THE LIONS GROUP, LTD.

Witness: _____    BY: _____
SHARON A. QUINN, ESQ.                       HARVEY S. GROSSMAN
Attorney-At-Law of the                       President
State of New Jersey

**PLEASE MAKE DRAFT PAYABLE TO:  THE LIONS GROUP, LTD.**
**80 MAIN STREET**
**WEST ORANGE, NJ 07052**
**TAX ID. NO. 22-3335752**

## ACKNOWLEDGMENT

I hereby certify that I am an employee/agent of the above-noted authorized to acknowledge and
and accept the above-noted Assignment and that by my signature below I hereby do so.

Dated: _____    BY: _____

Address: _____

# EXHIBIT 6

# CONTRACT BETWEEN THE LIONS GROUP, LTD. AND EDWARD D. FAGAN DATED 05/29/2002

## AGREEMENT

The Lions Group, Ltd., (hereinafter "LGL") has advanced the total sum of $20,000.00 to

Edward Fagan, Esquire during the month of May, 2002, as follows:

$  5,000.00 on May 6, 2002

$  5,000.00 on May 16, 2002

$10,000.00 on May 29, 2002

The parties reaffirm and agree and incorporate by reference all terms and conditions of

their agreement dated April 26, 2002 and all per diem computations continue as set forth

therein.  Per diem charges at the rate of $40.00 shall commence on July 1, 2002 on the

advances in the total amount of $20,000.00 during the month of May, 2002.

The indebtedness set forth in Paragraph 6 of the Agreements dated April 26, 2002 and

May 5, 2002 computed through June 1, 2002 is as follows:

Meili Fees (per agreement of 03/03/1999)

| | |
|---|---|
| Amount of fee purchased | 250,000.00 |
| Per diem $143.33 x 996 | 142,756.68 |
| Due as of 06/01/2002 | 392,756.68 |

Predecessor Agreements of 02/01/2001 through 08/04/2001

| | | |
|---|---|---|
| Balance remaining 10/24/2001 | | |
| (241,355.81 - 200,000.00) | 41,355.81 | |
| After courtesy adjustment | 40,000.00 | 40,000.00 |
| Per diem 10/24/01 - 06/01/02* | | |
| *(217 days  x. $80.00) | | 17,360.00 |
| Balance due, 06/01/2002 | | 57,360.00 |

2002 Transactions (per agreements 03/21 and 04/08/2002

| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 01/01/02 | 20,000.00 | 03/01/02 | 24,000.00 | 3,640.00 * *(40.00 x 91 days) | 27,640.00 |
| 02/01/02 | 20,000.00 | 04/01/02 | 24,000.00 | 2,400.00* | |



*(40.00 x 60 days)    26,400.00

| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 03/01/02 | 25,000.00 | 05/01/02 | 30,000.00 | 1,500.00*<br>*(50.00 x. 30 days) | 31,500.00 |
| 04/01/02 | 25,000.00 | 06/01/02 | 30,000.00 | 50.00 | |
| 05/01/02 | 20,000.00 | 07/01/02 | 24,000.00 | 40.00 | |

Total due as of 06/01/2002:    115,540.00

Recapitulation as of 06/01/2002:    392,756.68
57,360.00
115,540.00
**565,656.68**

I certify that I have reviewed the computations and totals set forth herein and agree with and approve same.

**Dated: May 29, 2002**

WITNESS:

_____    _____
EDWARD FAGAN, ESQUIRE

_____    _____
THE LIONS GROUP, LTD.
BY: HARVEY S. GROSSMAN

State of New Jersey          :
County of Essex              : SS.

Be it remembered that on **May 29, 2002**, before me personally appeared **EDWARD FAGAN** and **HARVEY S. GROSSMAN**, who I am satisfied signed, sealed and delivered the within Agreement as their act and deed for the uses and purposes expressed therein.

# EXHIBIT 7

# CONTRACT BETWEEN THE LIONS GROUP, LTD. AND EDWARD D. FAGAN DATED 06/14/2002

## AGREEMENT

The Lions Group, Ltd., (hereinafter "LGL") has advanced the total sum of $5,000.00 to Edward Fagan, Esquire and will advance an additional $5,000.00 during the month of June, 2002.

The parties reaffirm and agree and incorporate by reference all terms and conditions of their agreements dated April 26, 2002 and May 5, 2002 and all per diem computations continue as set forth therein. Per diem charges at the rate of $20.00 shall commence on August 1, 2002 on the advances in the total amount of $10,000.00 during the month of June, 2002.

The indebtedness set forth in Paragraph 6 of the Agreements dated April 26, 2002 and May 5, 2002 computed through June 1, 2002 is as follows:

### Meili Fees (per agreement of 03/03/1999)

| | |
|---|---:|
| Amount of fee purchased | 250,000.00 |
| Per diem $143.33 x 1011 days | 144,906.63 |
| Due as of 06/16/2002 | 394,906.63 |

### Predecessor Agreements of 02/01/2001 through 08/04/2001

| | | |
|---|---:|---:|
| Balance remaining 10/24/2001 | | |
| (241,355.81 - 200,000.00) | 41,355.81 | |
| After courtesy adjustment | 40,000.00 | 40,000.00 |
| Per diem 10/24/01 - 06/16/02 | | |
| *(232 days  x $80.00) | | 18,560.00 |
| Balance due, 06/01/2002 | | 58,560.00 |

### 2002 Transactions (per agreements 03/21 and 04/08/2002

| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 01/01/02 | 20,000.00 | 03/01/02 | 24,000.00 | 4,240.00 *<br>*(40.00 x 106 days,<br>03/01/02-6/16/02) | 28,240.00 |
| 02/01/02 | 20,000.00 | 04/01/02 | 24,000.00 | 3,000.00*<br>*(40.00 x 75 days,<br>04/01/02-06/16/02) | 29,400.00 |



| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 03/01/02 | 25,000.00 | 05/01/02 | 30,000.00 | 2,400.00* *(50.00 x 48 days, 05/01/02-06/16/02 | 32,400.00 |
| 04/01/02 | 25,000.00 | 06/01/02 | 30,000.00 | 750.00* *(50.00 x 15 days, (06/01/02-06/16/02) | 30,750.00 |
| 05/01/02 | 20,000.00 | 07/01/02 | 24,000.00 | 40.00 | 20,000.00 |
| 06/01/02 | 10,000.00 | 08/01/02 | 12,000.00 | 20.00 | 10,000.00 |

Total due as of 06/16/2002:      150,790.00

Recapitulation as of 06/01/2002:      394,906.63
58,560.00
150,790.00
**604,256.63**

I certify that I have reviewed the computations and totals set forth herein and agree with and approve same.

**Dated: June 14, 2002**

WITNESS:

_____
EDWARD FAGAN, ESQUIRE

_____
THE LIONS GROUP, LTD.
BY: HARVEY S. GROSSMAN

State of New Jersey      :
County of Essex                : SS.

Be it remembered that on **June 14, 2002**, before me personally appeared **EDWARD FAGAN** and **HARVEY S. GROSSMAN**, who I am satisfied signed, sealed and delivered the within Agreement as their act and deed for the uses and purposes expressed therein.

**CHRISTINA T. CONNOLLY**
**A Notary Public Of New Jersey**
**My Commission Expires April 5, 2005**

# EXHIBIT 8

# CONTRACT BETWEEN THE LIONS GROUP, LTD. AND EDWARD D. FAGAN DATED 07/15/2002

## AGREEMENT

The Lions Group, Ltd., (hereinafter "LGL") has advanced the total sum of $5,000.00 to Edward

Fagan, Esquire and will advance an additional $5,000.00 during the month of July, 2002.

The parties reaffirm and agree and incorporate by reference all terms and conditions of their

agreements dated April 26, 2002, May 5, 2002 and June 16, 2002, and all per diem computations continue

as set forth therein.  Per diem charges at the rate of $20.00 shall commence on September 1, 2002 on the

advances in the total amount of $10,000.00 during the month of July, 2002.

The parties agree that the indebtedness set forth in Paragraph 6 of the Agreements dated April

26, 2002, May 5, 2002, June 16, 2000 and July 15, 2002, is as follows:

Meili Fees (per agreement of 03/03/1999)

| | |
|---|---:|
| Amount of fee purchased | 250,000.00 |
| Per diem $143.33 x 1056 days | <u>151,356.48</u> |
| Due as of 08/01/2002 | 401,356.48 |

Predecessor Agreements of 02/01/2001 through 08/04/2001

| | | |
|---|---:|---:|
| Balance remaining 10/24/2001 | | |
| (241,355.81 - 200,000.00) | 41,355.81 | |
| After courtesy adjustment | 40,000.00 | 40,000.00 |
| Per diem 10/24/01 - 08/01/02 | | |
| *(277 days  x $80.00) | | <u>22,160.00</u> |
| Balance due, 08/01/2002 | | 62,160.00 |

2002 Transactions (per agreements 03/21 and 04/08/2002

| Advance<br>Date | Amount | Due<br>Date | Amount<br>Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 01/01/02 | 20,000.00 | 03/01/02 | 24,000.00 | 4,840.00 *<br>*(40.00 x 121 days,<br>03/01/02-8/01/02) | 28,840.00 |
| 02/01/02 | 20,000.00 | 04/01/02 | 24,000.00 | 3,600.00*<br>*(40.00 x 90 days,<br>04/01/02-08/01/02) | 27,600.00 |



| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 03/01/02 | 25,000.00 | 05/01/02 | 30,000.00 | 4,650.00*<br>*(50.00 x 93 days,<br>05/01/02-08/01/02) | 34,650.00 |
| 04/01/02 | 25,000.00 | 06/01/02 | 30,000.00 | 3,050.00 *<br>*(50.00 x 61 days,<br>06/01/02-08/01/02) | 33,050.00 |
| 05/01/02 | 20,000.00 | 07/01/02 | 24,000.00 | 1,240.00*<br>*(40.00 x 31 days,)<br>07/01/02 to 08/01/02 | 21,240.00 |
| 06/01/02 | 10,000.00 | 08/01/02 | 12,000.00 | 20.00 | 12,000.00 |
| 07/01/02 | 10,000.00 | 09/01/02 | 12,000.00 | 20.00 | 12,000.00 |

Recapitulation as of 07/15/2002:

401,356.48
62,160.00
169,380.00
**632,896.48**

I certify that I have reviewed the computations and totals set forth herein and agree with and approve same.

**Dated: July 15, 2002**

WITNESS:

_____

_____

EDWARD FAGAN, ESQUIRE

THE LIONS GROUP, LTD.
BY: HARVEY S. GROSSMAN

State of New Jersey        :
County of Essex                : SS.

Be it remembered that on **July 15, 2002**, before me personally appeared **EDWARD FAGAN** and **HARVEY S. GROSSMAN**, who I am satisfied signed, sealed and delivered the within Agreement as their act and deed for the uses and purposes expressed therein.

# EXHIBIT 9

# CONTRACT BETWEEN THE LIONS GROUP, LTD. AND EDWARD D. FAGAN DATED 08/12/2002

## AGREEMENT

The Lions Group, Ltd., (hereinafter "LGL") herewith advances the sum of $5,000.00 to Edward Fagan, Esquire and will advance an additional $5,000.00 during the month of August, 2002.

The parties reaffirm and agree and incorporate by reference all terms and conditions of their agreements dated April 26, 2002, May 5, 2002, June 16, 2002 and July 15, 2002, and all per diem computations continue as set forth therein.  Per diem charges at the rate of $20.00 shall commence on October 1, 2002 on the advances in the total amount of $10,000.00 during the month of August, 2002.

The parties agree that the indebtedness as of September 1, 2002 is **$660,936.48** set forth in the within Agreement and shall supersede any prior accounting of all charges, as follows:

Meili Fees (per agreement of 03/03/1999)

| | |
|---|---|
| Amount of fee purchased | 250,000.00 |
| Per diem $143.33 x 1056 days | 151,356.48 |
| Due as of 09/01/2002 | 401,356.48 |

Predecessor Agreements of 02/01/2001 through 08/04/2001

| | | |
|---|---|---|
| Balance remaining 10/24/2001 | | |
| (241,355.81 - 200,000.00) | 41,355.81 | |
| After courtesy adjustment | 40,000.00 | 40,000.00 |
| Per diem 10/24/01 - 09/01/02 | | |
| *(307 days  x 80.00) | | 24,560.00 |
| Balance due, 09/01/2002 | | 64,560.00 |

2002 Transactions (per agreements 03/21 and 04/08/2002

| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 01/01/02 | 20,000.00 | 03/01/02 | 24,000.00 | 7,240.00 * *(40.00 x 181 days, 03/01/02-9/01/02) | 31,240.00 |
| 02/01/02 | 20,000.00 | 04/01/02 | 24,000.00 | 6,120.00* *(40.00 x 153 days, 04/01/02-9/01/02) | 30,120.00 |



| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 03/01/02 | 25,000.00 | 05/01/02 | 30,000.00 | 6,050.00*<br>*(50.00 x 121 days,<br>05/01/02-09/01/02) | 36,050.00 |
| 04/01/02 | 25,000.00 | 06/01/02 | 30,000.00 | 4,550.00 *<br>*(50.00 x 91 days,<br>06/01/02-09/01/02) | 34,550.00 |
| 05/01/02 | 20,000.00 | 07/01/02 | 24,000.00 | 2,440.00*<br>*(40.00 x 61 days,)<br>07/01/02 to 09/01/02 | 26,440.00 |
| 06/01/02 | 10,000.00 | 08/01/02 | 12,000.00 | 620.00*<br>*(20.00 x 31 days,<br>8/01/02 to 09/01/02) | 12,620.00 |
| 07/01/02 | 10,000.00 | 09/01/02 | 12,000.00 | 20.00 | 12,000.00 |
| 08/01/02 | 10,000.00 | 10/01/02 | 12,000.00 | 20.00 | 12,000.00 |

Recapitulation as of 09/01/2002:  401,356.48
64,560.00
195,020.00
**660,936.48**

I certify that I have reviewed the computations and totals set forth herein and agree with and approve same.

Dated: August 12, 2002
WITNESS:

_____          _____
EDWARD FAGAN, ESQUIRE

_____          _____
THE LIONS GROUP, LTD.
BY: HARVEY S. GROSSMAN

State of New Jersey        :
County of Essex            : SS.

Be it remembered that on **August 12, 2002**, before me personally appeared **EDWARD FAGAN** and **HARVEY S. GROSSMAN**, who I am satisfied signed, sealed and delivered the within Agreement as their act and deed for the uses and purposes expressed therein.

_____
SHARON A. QUINN, ESQ.
Attorney At Law of the
State of New Jersey

# EXHIBIT 10

# CONTRACT BETWEEN THE LIONS GROUP, LTD. AND EDWARD D. FAGAN DATED 09/07/2002

## AGREEMENT

The Lions Group, Ltd., (hereinafter "LGL") herewith advances the sum of $5,000.00 to Edward Fagan, Esquire and has advanced the sum of $5,000.00 during the month of September, 2002.

The parties reaffirm and agree and incorporate by reference all terms and conditions of their agreements dated April 26, 2002, May 5, 2002, June 16, 2002, July 15, 2002 and August 12, 2002, and all per diem computations continue as set forth therein.  Per diem charges at the rate of $20.00 shall commence on November 1, 2002 on the advances in the total amount of $10,000.00 during the month of September, 2002.

The parties agree that the indebtedness as of October 1, 2002 is **$687,173.05** set forth in the within Agreement and shall supersede any prior accounting of all charges, as follows:

Meili Fees (per agreement of 03/03/1999)

| | |
|---|---|
| Amount of fee purchased | 250,000.00 |
| Per diem $143.33 x 1085 days | 155,513.05 |
| Due as of 10/01/2002 | 405,513.05 |

Predecessor Agreements of 02/01/2001 through 08/04/2001

| | | |
|---|---|---|
| Balance remaining 10/24/2001* | | |
| (241,355.81 - 200,000.00) | 41,355.81 | |
| After courtesy adjustment | 40,000.00 | 40,000.00 |
| Per diem 10/24/01 - 10/01/02 | | |
| *(336 days  x $80.00) | | 26,880.00 |
| Balance due, 10/01/2002 | | 66,880.00 |

2002 Transactions (per agreements 03/21 and 04/08/2002)

| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 01/01/02 | 20,000.00 | 03/01/02 | 24,000.00 | 7,240.00 *<br>*(40.00 x 210 days,<br>03/01/02-10/01/02) | 32,400.00 |
| 02/01/02 | 20,000.00 | 04/01/02 | 24,000.00 | 6,120.00*<br>*(40.00 x 182 days,<br>04/01/02-10/01/02) | 31,280.00 |

| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 03/01/02 | 25,000.00 | 05/01/02 | 30,000.00 | 6,050.00*<br>*(50.00 x 150 days,<br>05/01/02-10/01/02) | 37,500.00 |
| 04/01/02 | 25,000.00 | 06/01/02 | 30,000.00 | 6,100.00 *<br>*(50.00 x 122 days,<br>06/01/02-10/01/02) | 36,100.00 |
| 05/01/02 | 20,000.00 | 07/01/02 | 24,000.00 | 3,680.00*<br>*(40.00 x 92 days,)<br>07/01/02 to 10/01/02 | 27,680.00 |
| 06/01/02 | 10,000.00 | 08/01/02 | 12,000.00 | 1,220.00*<br>*(20.00 x 61 days,<br>8/01/02 to 10/01/02) | 13,220.00 |
| 07/01/02 | 10,000.00 | 09/01/02 | 12,000.00 | 600.00*<br>*(20.00 x 30 days,<br>08/01/02 to 10/01/02) | 12,600.00 |
| 08/01/02 | 10,000.00 | 10/01/02 | 12,000.00 | 20.00 | 12,000.00 |
| 09/01/02 | 10,000.00 | 11/01/02 | 12,000.00 | 20.00 | 12,000.00 |

Recapitulation as of 10/01/2002:     405,513.05
66,880.00
214,780.00
**687,173.05**

I certify that I have reviewed the computations and totals set forth herein and agree with and approve same.                                          Dated: September ___ , 2002
                                                                                                          November 7
WITNESS:

_____              _____
                                                                    EDWARD FAGAN, ESQUIRE

                                                                    _____
                                                                    THE LIONS GROUP, LTD.
                                                                    BY: HARVEY S. GROSSMAN

_____
State of New Jersey                          :
County of Essex                              : SS.

    Be it remembered that on November 7 , 2002, before me personally appeared **EDWARD FAGAN** and **HARVEY S. GROSSMAN**, who I am satisfied signed, sealed and delivered the within Agreement as their act and deed for the uses and purposes expressed therein.

# EXHIBIT 11

# CONTRACT BETWEEN THE LIONS GROUP, LTD. AND EDWARD D. FAGAN DATED 11/07/2002

## AGREEMENT

The Lions Group, Ltd., (hereinafter "LGL") herewith advances the sum of $5,000.00 to

Edward Fagan, Esquire during the month of November, 2002.


The parties reaffirm and agree and incorporate by reference all terms and conditions of

their agreements dated April 26, 2002, May 5, 2002, June 16, 2002, July 15, 2002 and August

12, 2002, and September, 2002 and all per diem computations continue as set forth therein.

Per diem charges at the rate of $10.00 shall commence on January 1, 2003 on the advance

during the month of November, 2002.


The parties agree that the indebtedness as of November 15, 2002 is **$716,039.57** set

forth in the within Agreement and shall supersede any prior accounting of all charges, as

follows:

**A.    MEILI FEES (PER AGREEMENT OF 03/03/1999)**

| | |
|---|---|
| Amount of fee purchased | 250,000.00 |
| Per diem $143.33 x 1129 days | 161,819.57 |
| Due as of 11/15/2002 | **411,819.57** |

**B.    PREDECESSOR AGREEMENTS OF 02/01/2001 THROUGH 08/04/2001**

| | | |
|---|---|---|
| Balance remaining 10/24/2001* | | |
| (241,355.81 - 200,000.00) | 41,355.81 | |
| After courtesy adjustment | 40,000.00 | 40,000.00 |
| Per diem 10/24/01 - 10/01/02 | | |
| *(380 days x $80.00) | | 30,400.00 |
| Balance due, 11/15/2002 | | **70,400.00** |

**C.** **2002 TRANSACTIONS**

| | Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|---|
| 1. | 01/01/02 | 20,000.00 | 03/01/02 | 24,000.00 | 7,240.00 * *(40.00 x 254 days, 03/01/02-11/15/02) | 34,160.00 |
| 2. | 02/01/02 | 20,000.00 | 04/01/02 | 24,000.00 | 6,120.00* *(40.00 x 226 days, 04/01/02-11/15/02) | 33,040.00 |
| 3. | 03/01/02 | 25,000.00 | 05/01/02 | 30,000.00 | 9,700.00* *(50.00 x 194 days, 05/01/02-11/15/02) | 39,700.00 |
| 4. | 04/01/02 | 25,000.00 | 06/01/02 | 30,000.00 | 8,300.00 * *(50.00 x 166 days, 06/01/02-11/15/02) | 38,300.00 |
| 5. | 05/01/02 | 20,000.00 | 07/01/02 | 24,000.00 | 5,440.00 *(40.00 x 136 days,) 07/01/02 to 11/15/02 | 29,440.00 |
| 6. | 06/01/02 | 10,000.00 | 08/01/02 | 12,000.00 | 2,100.00* *(20.00 x 105 days, 8/01/02 to 11/15/02 | 14,100.00 |
| 7. | 07/01/02 | 10,000.00 | 09/01/02 | 12,000.00 | 1,480.00* *(20.00 x 74 days, 08/01/02 to 11/15/02) | 13,480.00 |
| 8. | 08/01/02 | 10,000.00 | 10/01/02 | 12,000.00 | 880.00* *(20.00 x 44 days, 10/01/02 to 11/15/02) | 12,880.00 |
| 9. | 09/01/02 | 10,000.00 | 11/01/02 | 12,000.00 | 280.00* *(20.00 x 14 days, 11/01/02 to 11/15/02) | 12,280.00 |
| 10. | 11/01/02 | 5,000.00 | 01/01/03 | 6,000.00 | 10.00 | 6,000.00 |

**TOTAL 2002 TRANSACTIONS:**                                    **233,820.00**

Recapitulation as of 11/15/02 :     A. Meili                  411,819.57
                                    B. Predessor Agreements    70,400.00
                                    C. 2002 Transactions      233,820.00

**TOTAL DUE ON ALL ADVANCES AS OF 11/15/02        716,039.57**

I certify that I have reviewed the computations and totals set forth herein and agree with and approve same.

**Dated: November** 7  **, 2002**

WITNESS:

_____        _____
                                        EDWARD FAGAN, ESQUIRE

_____        _____
                                        THE LIONS GROUP, LTD.
                                        BY: HARVEY S. GROSSMAN

State of New Jersey            :
County of Essex                : SS.

Be it remembered that on **November** 7  **, 2002**, before me personally appeared **EDWARD FAGAN** and **HARVEY S. GROSSMAN**, who I am satisfied signed, sealed and delivered the within Agreement as their act and deed for the uses and purposes expressed therein.

# EXHIBIT 12

# CONTRACT BETWEEN THE LIONS GROUP, LTD. AND EDWARD D. FAGAN DATED 06/06/2003

<u>AGREEMENT</u>

The Lions Group, Ltd., (hereinafter "LGL") herewith advances the sum of $5,000.00 to Edward Fagan, Esquire, during the month of June, 2003.

The parties reaffirm and agree and incorporate by reference all terms and conditions of their agreements dated April 26, 2002, May 5, 2002, June 16, 2002, July 15, 2002, August 12, 2002, September, 2002 and November, 2002, and all per diem computations continue as set forth therein.

Per diem charges at the rate of $10.00 shall commence on August 6, 2003 on the advance being made herein.

**DATED:    June 6, 2003**

WITNESS:

JEFFREY A. GETZ
A Notary Public of New Jersey
My Commission Expires
on March 4, 2008

_____

EDWARD D. FAGAN, ESQUIRE

THE LIONS GROUP, LTD.
BY: HARVEY S. GROSSMAN,
PRESIDENT

# EXHIBIT 13

# CONTRACT BETWEEN THE LIONS GROUP, LTD. AND EDWARD D. FAGAN DATED 09/28/2004

## AGREEMENT

The Lions Group, Ltd. advances the sum of **$15,000.00** to **Edward Fagan, Esquire**, in accordance with all of the terms and conditions set forth in the Agreements dated **April 20, 2002 and subsequent thereto.** In consideration for same, in addition to all sums due and owing, **Edward Fagan, Esquire** agrees to repay the sum of $19,200.00 on receipt of settlement funds arising from litigation in which he represents Christoph Meili.

**Dated:   September 28, 2004**

**WITNESS:**

_Elisabete Rocha_

_Elisabete Rocha_

_____
**EDWARD FAGAN, ESQUIRE**

_____
**THE LIONS GROUP, LTD.**
**HARVEY S. GROSSMAN**

State of New Jersey   :
County of Essex              : SS.
        Be it remembered that on **September 28, 2004,** before me personally appeared **EDWARD FAGAN** and **HARVEY S. GROSSMAN,** who I am satisfied signed, sealed and delivered the within Agreement as his act and deed for the uses and purposes expressed therein.

_____

My commission expires on:

**HAFEZA MOHAMMED
A NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 1, 2008**

# EXHIBIT 14

# SCHEDULE OF AMOUNTS DUE TO LIONS GROUP, LTD. FROM EDWARD D. FAGAN THROUGH 02/23/2007

### FAGAN TO LGL

A.  Meilí Fees (per agreement of 03/03/1999)

|  |  |
|---|---|
| Amount of fee purchased | 250,000.00 |
| Per diem $143.33 x 1129 days | <u>161,819.57</u> |
| Due as of 11/15/2002 | 411,819.57 |
| Due 11/16/2002 to 02/23/2007, | |
| Per diem $80.00 x 1570 days | <u>125,600.00</u> |
|  | **537,419.57** |

B.  Predecessor Agreements of 02/01/2001 through 08/04/2001

| | | |
|---|---|---|
| Balance remaining 10/24/2001* | | |
| (241,355.81 - 200,000.00) | 41,355.81 | |
| After courtesy adjustment | 40,000.00 | 40,000.00 |
| Per diem 10/24/01 - 10/01/02 | | |
| *(380 days  x $80.00) | | <u>30,400.00</u> |
| Balance due, 11/15/2002 | | 70,400.00 |
| Due 11/16/2002 to 02/23/2007, | | |
| Per diem $80.00 x 1570 days | | <u>125,600.00</u> |
| | | **196,000.00** |

C.  2002 Transactions (per agreements 03/21 and 04/08/2002)

| | Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|---|
| 1. | 01/01/02 | 20,000.00 | 03/01/02 | 24,000.00 | 7,240.00 * | |
| | | | | | *(40.00 x 254 days, | 34,160.00 |
| | | | | | 03/01/02-11/15/02) | |
| | | | | | 11/16/02 to 02/23/07, | |
| | | | | | 1570 days x $40.00 | <u>62,800.00</u> |
| | | | | | | **96,960.00** |
| 2. | 02/01/02 | 20,000.00 | 04/01/02 | 24,000.00 | 6,120.00* | |
| | | | | | *(40.00 x 226 days, | 33,040.00 |
| | | | | | 04/01/02-11/15/02) | |
| | | | | | 11/16/02 to 02/23/07, | |
| | | | | | 1570 days x $40.00 | <u>62,800.00</u> |
| | | | | | | **95,840.00** |
| 3. | 03/01/02 | 25,000.00 | 05/01/02 | 30,000.00 | 9,700.00* | |
| | | | | | *(50.00 x 194 days, | 39,700.00 |
| | | | | | 05/01/02-11/15/02) | |
| | | | | | 11/16/02 to 02/23/07, | |
| | | | | | 1570 days x $50.00 | <u>78,500.00</u> |
| | | | | | | **118,200.00** |

| | Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|---|
| 4. | 04/01/02 | 25,000.00 | 06/01/02 | 30,000.00 | 8,300.00 * *(50.00 x 166 days, 06/01/02-11/15/02) 11/16/02 to 02/23/07, 1570 days x $50.00 | 38,300.00 78,500.00 **116,800.00** |
| 5. | 05/01/02 | 20,000.00 | 07/01/02 | 24,000.00 | 5,440.00 *(40.00 x 136 days,) 07/01/02 to 11/15/02) 11/16/02 to 02/23/07, 1570 days x $40.00 | 29,440.00 62,800.00 **92,240.00** |
| 6. | 06/01/02 | 10,000.00 | 08/01/02 | 12,000.00 | 2,100.00* *(20.00 x 105 days, 8/01/02 to 11/15/02) 11/16/02 to 02/23/07, 1570 days x $20.00 | 14,100.00 31,400.00 **45,500.00** |
| 7. | 07/01/02 | 10,000.00 | 09/01/02 | 12,000.00 | 1,480.00* *(20.00 x 74 days, 08/01/02 to 11/15/02) 11/16/02 to 023/23/07, 1570 days x $20.00 | 13,480.00 31,400.00 **44,880.00** |
| 8. | 08/01/02 | 10,000.00 | 10/01/02 | 12,000.00 | 880.00* *(20.00 x 44 days, 10/01/02 to 11/15/02) 11/16/02 to 02/23/07, 1570 days x $20.00 | 12,880.00 31,400.00 **44,280.00** |
| 9. | 09/01/02 | 10,000.00 | 11/01/02 | 12,000.00 | 280.00* *(20.00 x 14 days, 11/01/02 to 11/15/02) 11/16/02 to 02/23/07, 1570 days x $20.00 | 12,280.00 31,400.00 **43,680.00** |
| 10. | 11/01/02 | 5,000.00 | 01/01/03 | 6,000.00 | 10.00 01/01/03 to 02/23/07, 1515 days x $10.00 | 6,000.00 15,150.00 **21,150.00** **$719,530.00** |

D.     2003 and 2004 Transactions

| Advance Date | Amount | Due Date | Amount Due | Per Diem | Total Due |
|---|---|---|---|---|---|
| 06/06/03 | 5,000.00 | 08/06/03 | 5,000.00 | 10.00 | 5,000.00 |
| | | | | 08/07/03 to 02/23/07, 1296 days x $10.00 | 12,960.00 |
| | | | | | 17,960.00 |
| 09/28/04 | 15,000.00 | | 19,200.00 | | 19,200.00 |

RECAPITULATION:        MEILI FEES                          $537,419.57
                       PREDECESSOR AGREEMENTS                196,000.00
                       2002 TRANSACTIONS                     719,530.00
                       2003/2004 TRANSACTIONS                 37,160.00

                       TOTAL DUE AND OWING, 02/23/2007:    $1,490,109.57
                       LESS PAYMENT RECEIVED:          -      225,000.00
                       BALANCE DUE:                        $1,265,109.57

reasonable measures to make LGL aware of same and correct or supplement such information.

c. Attorney shall be personally liable to LGL for its losses as a result of the aforesaid breaches, notwithstanding any other provisions herein limiting recourse , if any such default shall be willful, intentional, and/or the result of fraud, or otherwise as the result of factors which are within Attorney's control, and as to which he has failed to take reasonable measures to protect any right or interest of LGL provided under this Agreement.

18.    Right to Assign.

a. Attorney shall have no right to assign either this Agreement or any of the rights, interests or obligations hereunder, and ANY PURPORTED ASSIGNMENT BY Attorney SHALL BE ABSOLUTELY NULL AND VOID, except if it occurs by operation of law, or as a result of the change in the form through which Attorney conducts his business, in which case Attorney shall not be relieved of personal liability to the extent provided for in ¶ 17(c).

b. Attorney further agrees that LGL shall have the right to assign this Agreement or any of its rights, interests or obligations hereunder without prior notice and without limitation, and Attorney promises to acknowledge and honor such assignment promptly and in accordance with all of its terms.

19.    Third-Party Beneficiary:  This agreement does not create, and shall not be construed as creating any rights enforceable by any person not a party to this Agreement, except insofar as specifically provided for herein with respect to Harvey S. Grossman, Esq.

20.    Governing Law, Personal Jurisdiction, Venue and Indemnification.

a. This Agreement shall be governed by and interpreted under the laws of the State of New Jersey applicable to contracts made and to be performed therein, without giving effect to the principles of conflict of laws.

b. Attorney waives any objection to personal jurisdiction or venue, and submit to the personal jurisdiction of any state or federal courts located within a 60 mile radius of Newark, Essex County, New Jersey.

c. Except with the written consent of LGL, the State of New Jersey shall be the exclusive forum for all proceedings relating to this agreement, the Prior Agreements and/or any  other agreements or instruments executed in connection therewith.

d. Service of initial process may be made in accordance with New Jersey Rule 4:4-4.

e. Attorney acknowledges and agrees to indemnify LGL against any and all losses, liability, setback and expenses, including but not limited to, reasonable Attorney fees, expenses and costs resulting from or arising out of the enforcement of this Agreement, the Agreements and all related agreements and instruments. Attorney further acknowledges that LGL has retained the services of Michael R. Perle, Esquire, in connection with the enforcement of this and all other related agreements and that, by reason of the aforesaid, LGL has and continues to incur legal fees and expenses on a continuous basis, and that those costs, therefore, are a lien on all sums due and owing to LGL.

21.  <u>Attorney to Act as LGL's Fiduciary</u>. Attorney, individually and d/b/a FAGAN & ASSOCIATES, shall act as fiduciary on behalf of LGL in connection with this Agreement; to the extent of a dispute with respect to any moneys  which are the subject of this Agreement which come within his possession or control; in such event Attorney agrees (i) not to disburse any funds in question to himself or any party other than LGL prior to settlement or resolution of the dispute, except with LGL's written consent, and (ii) that all proceeds which cannot be released to LGL and represent any part of the Attorney's Portion of any Recovery subject to this Agreement or any of the Predecessor Agreements shall remain on deposit in Attorney's trust account until the resolution of such dispute.

22.  <u>Notices</u>. Any notice required by this Agreement or given in connection with it shall be in writing and shall be given to appropriate party by personal delivery or by certified mail; postage prepaid or recognized overnight delivery services and/or facsimile transmission, delivered to the address appearing at the head of this Agreement. Attorney agrees to notify LGL within five (5) days of any change of  address.

23.  <u>Confidentiality</u>. LGL agrees that all information and materials received are confidential and will not be shared with any party other than Attorney, or his counsel, except as required by any court of competent jurisdiction, or in order to enforce LGL's rights under this agreement or the Prior Agreements.

24.  <u>Headings.</u> Headings used in this agreement are provided for convenience only and shall not be used to construe meaning or intent.

25.   <u>Partial Invalidity</u>. Should any provisions or paragraphs in this Agreement be deemed unenforceable or invalid, such unenforceability or invalidity shall not affect the validity or enforceablity of the balance of the terms and condition of this Agreement.

26.  <u>Merger/Entire Agreement.</u> Except as set forth with respect to the portions of the Predecessor Agreements which are intended to survive, this agreement contains the entire understanding between the parties, supersedes all other previous agreements, whether written or oral, with regard to the subject matter hereof; all prior and contemporaneous discussions between and among the parties are deemed to be merged herein and this agreement may be modified only by a written instrument duly executed by the party to be charged.

**IN WITNESS WHEREOF**, the parties have affixed their signatures on the date first hereinabove written.

Witness or Attest:

EDWARD FAGAN, ESQ.

THE LIONS GROUP, LTD.

BY: HARVEY S. GROSSMAN

STATE OF NEW JERSEY     :
                                                    :SS.
COUNTY OF ESSEX           :

    On    , 2002 , **EDWARD FAGAN** and **HARVEY S. GROSSMAN**, who are known by me to be the person(s) described in and who executed the foregoing instrument, personally appeared before me and acknowledged that he executed the same as his free act and deed.

# EXHIBIT 4

# UCC-1 FINANCING STATEMENTS AND NOTICES OF ASSIGNMENT

STATE OF NEW YORK
DEPARTMENT OF STATE
ALBANY, NY 12231-0001

RANDY A. DANIELS
SECRETARY OF STATE

**FILING ACKNOWLEDGMENT**

July 29, 2002

HARVEY S. GROSSMAN, ESQUIRE
80 MAIN STREET
WEST ORANGE, NJ  07052

__ Attached is the acknowledgment copy of your recently submitted filing which is represented by only the first page of the document. The actual filing may have had multiple pages or attachments. This document has been filed with the New York State Department of State, Uniform Commercial Code Division.

The Financing Statement has been assigned Filing Number: 167067,  Filing Date: 07/18/2002 and is currently reflected in our automated database as follows:

*Debtor's Name & Address*

FAGAN  EDWARD D.
301 SOUTH LIVINGSTON AVENUE
LIVINGSTON, NJ  07039

*Secured Party's Name and Address*

THE LIONS GROUP, LTD.
80 MAIN STREET
WEST ORANGE, NJ  07052

This Filing will lapse on 07/18/2007 unless continued.  We encourage filers to take full advantage of the six-month window of opportunity in which to file a Financing Statement Amendment (Continuation).  Submission of your documents at the onset of the six-month window will allow ample time to rectify potential filing errors and help to assure timely recording of your filing.

If you have any concerns regarding the way this document is recorded, please contact one of our Customer Service Representatives at (518) 474-4763, or respond in writing to the UCC Data Processing Unit at the address indicated above.

Sincerely,

Uniform Commercial Code Division
Data Processing Unit

REF #: 129040

DOS-1241 (7/96)

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
**(973) 736-5858**

I29040          2002 JUL 18   9: 00

B. SEND ACKNOWLEDGMENT TO (Name and Address)

**THE LIONS GROUP, LTD.**
**80 MAIN STREET**
**WEST ORANGE, NEW JERSEY 07052**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME – Insert only one debtor name (1a or 1b) – do not abbreviate or combine names

1a. ORGANIZATION'S NAME

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| FAGAN | EDWARD | D. | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 301 SOUTH LIVINGSTON AVENUE | LIVINGSTON | NJ | 07039 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 13-3623262 | | | | [X] NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – Insert only one debtor name (2a or 2b) – do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME – (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – Insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
**THE LIONS GROUP, LTD.**

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 80 MAIN STREET | WEST ORANGE | NJ | 07052 | USA |

4. This FINANCING STATEMENT covers the following collateral:
**SEE ATTACHED SCHEDULE, 1 PAGE. PROCEEDS OF COLLATERAL ARE ALSO COVERED.**

5. ALTERNATIVE DESIGNATION (if applicable):  ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS   Attach Addendum   (if applicable)
7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE)   (optional)   ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

UCC1 Financing Statement
Rev. 7/98  P 8/01

Powered by
HotDocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800-222-0510

**FILING NUMBER: I67067  FILING DATE: 07/18/2002**

DEPARTMENT OF TREASURY
UCC SECTION
FILED

'03 JUL 19 P 5:00

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

(973) 736-5858

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

THE LIONS GROUP, LTD.
80 MAIN STREET
WEST ORANGE, NEW JERSEY  07052

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME – Insert only one debtor name (1a or 1b) – do not abbreviate or combine names**

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | | |
| 1b. INDIVIDUAL'S LAST NAME  FAGAN | FIRST NAME  EDWARD | MIDDLE NAME  D. | SUFFIX | |
| 1c. MAILING ADDRESS  301 SOUTH LIVINGSTON AVENUE | CITY  LIVINGSTON | STATE  NJ | POSTAL CODE  07039 | COUNTRY  USA |
| 1d. TAX ID #:  SSN OR EIN  13-3623262 | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any  [X] NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – Insert only one debtor name (2a or 2b) – do not abbreviate or combine names**

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any  [ ] NONE |

**3. SECURED PARTY'S NAME – (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)**

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME  THE LIONS GROUP, LTD. | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX | |
| 3c. MAILING ADDRESS  80 MAIN STREET | CITY  WEST ORANGE | STATE  NJ | POSTAL CODE  07052 | COUNTRY  USA |

**4. This FINANCING STATEMENT covers the following collateral:**
SEE ATTACHED SCHEDULE, 1 PAGE.  PROCEEDS OF COLLATERAL ARE ALSO COVERED.

5. ALTERNATIVE DESIGNATION (if applicable): [ ] LESSEE/LESSOR   [ ] CONSIGNEE/CONSIGNOR   [ ] BAILEE/BAILOR   [ ] SELLER/BUYER   [ ] AG. LIEN:   [ ] NON-UCC FILING

6. This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS    Attach Addendum    (if applicable)

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)  (ADDITIONAL FEE)  (optional)   [ ] All Debtors  [ ] Debtor 1  [ ] Debtor 2

8. OPTIONAL FILER REFERENCE DATA

UCC1 Financing Statement
Rev. 7/98  P 8/01

Powered by

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.

## Schedule to UCC-1 Financing Statement
## Fagan to The Lions Group, Ltd.

To amend and clarify prior Security Agreements between The Lions Group, Ltd. and Edward Fagan, per the Security Agreements, Purchase Agreement of legal fees and costs and Promissory Notes commencing on **March 3, 1999** and continuing thereafter, by and between Edward Fagan, Esquire, having an office located at 301 South Livingston Avenue, Suite 100, Livingston, NJ, 07039, ("Attorney") and The Lions Group, Ltd., ("LGL"), located at 80 Main Street, West Orange, NJ, 07052, the LEGAL FEES AND REIMBURSEMENTS AWARDED TO OR AS MAY BECOME DUE EDWARD FAGAN, ESQUIRE, d/b/a FAGAN & ASSOCIATES, in the following matters, are the subject of a security interest and first lien in favor of and pledged to LGL, as follows:

A. Meili v. Union Bank of Switzerland and/or Meili v. Robert Studar, Master Docket No. CV-96-4849 (E.D.N.Y.), Index No. 98-100630, legal fees and costs plus additions;

B. In Re: Holocaust Victims Assets, Master Docket No. CV-96-4849 (E.D.N.Y.), legal fee and costs plus additions;

C. In Re: Austrian and German Bank Holocaust Litigation; Watman, et al v. Deutsche Bank et al (Austrian & German Banks Case), Docket No. CV-98-3938 (pending in the United States District Court for the Southern District of New York before the Honorable Shirley Wahl Kram, legal fees and costs plus additions;

D. In Re: Ski Train Fire in Kaprun, Austria on November 11, 2000, MDL Dkt. No. 1428 (S.D.N.Y); Habblett, et al. v. Leitner Lifts USA, Inc., et al., CIV-0266-01; Civil Action No. 01-817; Rudolph Kern & Angela Kern, et al. v. Leitner Lifts USA, Inc., et al., Civ. No. 01-0264; LTC (Ret.) John S. Habblett, et al. v. Swoboda Karissierie-und Stahlbauer g.m.b.H., et al., Civ. No. 8:-1-CV-1221-T-30 MAP; LTC (Ret.) John S. Habblett, et al. v. Leitner Lifts USA, Inc., et al., Civ. No. 01-WM-1123 (D.Col.); LTC (Ret.) John S. Habblett, et al. v. Siemens AG, et al., Civil No. 01-CIV 6554; LTC (Ret.) John S. Habblett, et al. v. Waagner-Biro, et al., Civil Action No. 01-5815 (C.D. Cal.); Habblett, et al. V. OMNI-GLOW CORPORATION, et al., N.D. MA.; Habblett, et al. v. Bosch Rexroth AG, et al., Civil Action No. 01-CV-4201 (E.D.P.A.); Habblett, et al. v. TUV OSTERREICH, et al., Civil Docket No. 301 CV 1794 (JBA)(Dist. Conn.), collectively, "the Kaprun claims", in which Attorney represents various claimants seeking recoveries in a series of matters arising out of a ski-lift collapse in Kaprun, Austria and shall become entitled to receive legal fees and costs plus additions, (collectively, "the Kaprun fees).

PENNSYLVANIA DEPARTMENT OF STATE
CORPORATION BUREAU
UNIFORM COMMERCIAL CODE
P.O.  BOX  8721
HARRISBURG,  PA    17105-8721


THE LIONS GROUP, LTD.,
80 MAIN STREET
WEST ORANGE  NJ  07052


DEBTOR :

EDWARD D. FAGAN ,
51 JFK Parkway
1st Floor West
Short Hills  NJ  07078


SECURED PARTY :

THE LIONS GROUP, LTD.,
80 MAIN STREET
WEST ORANGE  NJ  07052


IDENTIFICATION CODE :      None

EFFECTIVE DATE :      Jun 5 2003  8:00AM

FINANCING STATEMENT NUMBER :      20030585756


For additional information, please visit our "Searchable Database"
at:WWW.DOS.STATE.PA.US/CORPS

# EXHIBIT 5

# CHECKS ISSUED TO THE LIONS GROUP, LTD.

POST, POLAK, GOODSELL & MacNEILL, P.A.
Attorney Trust Account
7 Becker Farm Road, Roseland, NJ  07068-1729
(973) 994-1100

T 01166

.e Lions Group, Ltd.                                    10/24/2001         $200,000.00
.v.Date        Matter I.D.        Description                              Amount
10-24-01       3284-00001         1166 The Lions Group, Ltd./Per Court Order dated    200,000.00
                                  10/15/01, par.2.A

                        1166                                    $200,000.00



POST, POLAK, GOODSELL & MacNEILL, P.A.        SUMMIT BANK        T 01166
ATTORNEY TRUST ACCOUNT                        AT LIVINGSTON AVE.
7 Becker Farm Road                            ROSELAND, NJ 07068        1166
Roseland, NJ 07068-1729    AccuTrack  CLIENT NUMBER
(973) 994-1100             IOLTA       8 8 8 8              CHECK NO.

                                      55-216/212

Two Hundred Thousand and No/100 Dollars

                                                  DATE              AMOUNT
                                              10/24/2001        $200,000.00

PA
TO THE      The Lions Group, Ltd.
ORDER
OF

                                              AUTHORIZED SIGNATURE

⑈"001166"⑈ ⑈021202162⑈: 999 021 214"

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER · SEE REVERSE SIDE FOR COMPLETE SECURITY FEATURES

EDWARDS & ANGELL, LLP
COUNSELLORS AT LAW
since 1894
750 Lexington Avenue
New York, NY  10022-1200

UNITED STATES TRUST COMPANY
OF NEW YORK

No.  2932

1-131/210

CHECK DATE          CHECK NO.
December 10, 2002      2932

***TWO HUNDRED TWENTY-FIVE THOUSAND AND 00/100 DOLLARS***

CHECK AMOUNT
$***225,000.00

PAY TO
ORDER
OF

The Lions Group, Ltd.

Attorney Trust Account
Two Signatures Required For Amounts Exceeding $2000.00
VOID IF 180 DAYS OR OLDER

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK.  TOUCH OR PRESS HERE.  RED IMAGE DISAPPEARS WITH HEAT.

⑈00 2932⑈  ⑆0 2100 1318⑇  20 8514 3⑈